OPINION OF THE COURT
Scott Fairgrieve, J.
Facts
Respondent tenant Willie Yurro moves for an order pursuant to CPLR 3211 (a) (5) to dismiss this nonpayment proceeding on the grounds that the petitioner is a limited liability company that did not appear by an attorney. The notice of petition and petition are executed by “Emilia Patterson — Authorized Member Petitioner, Pro se”
*763 Respondent’s counsel argues that New York law prohibits a limited liability company from appearing in an action unless the limited liability company appears by an attorney. Petitioner’s member Emilia Patterson argues that a limited liability company has more attributes of a partnership than a corporation and therefore it is not required to appear by counsel.
Decision
This court could find no appellate authority on this subject. A search does reveal that Tierra W. Apts. LLC v Bobadilla (NYLJ, Apr. 21, 1999, at 27, col 2 [Civ Ct, Hous Part, Spears, J.]) held that a limited liability company must appear by an attorney. Judge Spears determined that the petitioner was a voluntary association with the same benefits of a shield against personal liability as a corporation (at 27, col 2):
“The fact that petitioner has elected not to call his company a ‘corporation’ does not exempt him from CPLR [ ] 321 as a ‘voluntary association.’ Obviously, petitioner is a voluntary association. Thus, CPLR [ ] 321 must include an LLC under the rubrick of corporations and voluntary associations because herein an individual has created a legal entity and invested it with property designating it as the landlord. This structure shields the individual from liability. Under these circumstances, there is no reason to differentiate the limited liability company from a corporation or a similarly formed voluntary association which must be represented by an attorney when appearing before the court. Petitioner offers the Court no rationale to make any distinction. Thus, the court finds that the individual owner cannot benefit from the protections of the Department of State by virtue of being an LLC but then disclaim the very status that affords those protections to avoid engaging an attorney to represent him in summary proceedings before the Housing Court.”
Limited Liability Company Law § 102 (m) states:
“(m) ‘Limited liability company’ and ‘domestic limited liability company’ mean, unless the context otherwise requires, an unincorporated organization of one or more persons having limited liability for the contractual obligations and other liabilities of the business (except as authorized in section six hundred nine of this chapter), other than a partner *764 ship or trust, formed and existing under this chapter and the laws of this state.”
As defined in Rich, Practice Commentaries (McKinney’s Cons Laws of NY, Book 32A, Limited Liability Company Law, 2003 Pamph, at 3-4): “An LLC is defined as an unincorporated organization of one or more persons having limited liability for the contractual obligations and other liabilities of the business, and is other than a partnership or a trust.”
16 NY Jur 2d, Business Relationships § 2010 (at 324) states: “Normally, a limited liability company (LLC) will possess the corporate characteristic of limited liability because, in addition to taxation as a partnership, limited liability is one of the primary purposes for which the entity is formed.”
Respondent has cited Limited Liability Company Law § 610 for the proposition that a member of a limited liability corporation cannot represent the limited liability company and that an attorney must represent same. Limited Liability Company Law § 610 states: “A member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member’s right against or liability to the limited liability company.”
The court finds the respondent’s reliance on Limited Liability Company Law § 610 is misplaced. This statute pertains to the circumstances when a member can be a party to a lawsuit. There is no indication that this statute permits a member to appear and represent the limited liability company without an attorney.
In Toren v Anderson, Kill & Olick (185 Misc 2d 23, 26-27 [Sup Ct, NY County 2000]), the court held that a professional corporation of attorneys could be represented by one of its member attorneys because:
“A professional corporation of attorneys can appear by its member lawyers. (See, Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d 25, 26 [Sup Ct, NY County 1976]; cf. Gilberg v Lennon, 212 AD2d 662, 664 [2d Dept 1995] [holding that a partnership of attorneys can appear pro se, citing Austrian with approval, and stating as dictum that CPLR 321 (a) is inapplicable to professional corporations of attorneys].) In Austrian, the plaintiff, a professional corporation of attorneys, moved for summary judgment upon a promissory note. Defendant objected to plaintiff appearing pro se, but the court permitted plaintiff to represent itself. *765 (See, Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d, at 26.) The court noted that ‘[t]he reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal responsibility. There must therefore be a designated spokesman accountable to the court. This reasoning does not apply in the case of a professional corporation where personal liability attaches and each member (in this case a law firm) is qualified to appear before the court and argue its case.’ (Supra, at 26.) Here, each of AKO’s [Anderson, Kill and Olick] members is a licensed and accountable officer of the court, with authority to appear before it. Accordingly, the rationale for barring corporations from appearing pro se, namely that nonlawyer agents are not accountable to the court, is inapplicable to the members of AKO.
“Plaintiff cites We’re Assocs. Co. v Cohen, Stracher & Bloom (65 NY2d 148 [1985]) to support his contention that AKO cannot appear by its member attorneys, because the members cannot be held individually liable in this action, but plaintiffs reliance on the case is misplaced. In We’re Assocs., the Court held that under Business Corporation Law § 1505 (a), a professional services corporation’s shareholders cannot be held personally liable for an ordinary business debt of the corporation. (65 NY2d, at 150-153.) Plaintiff points out that, like the professional services corporation members in We’re Assocs., AKO’s member attorneys cannot be held personally liable to plaintiff, but that has no bearing on whether AKO can represent itself through those members. Pursuant to CPLR 321 (a), the members’ status as licensed attorneys enables them to appear for AKO, whether or not the members could be held liable in this action.”
The court allowed a member attorney to appear because the attorney is qualified (licensed) to appear and act in court. In the case at bar, the member of petitioner is not licensed to appear and act in court.
In Board of Educ. of Whitehall City School Dist. v Franklin County Bd. of Revision (2002 Ohio 1256, 2002 WL 416953, *4, 2002 Ohio App LEXIS 1288, *10 [10th Dist 2002]), the court held that a limited liability company must appear by an attorney:
*766 “In Union Savings Assn. v. Home Owners Aid (1970), 23 Ohio St.2d 60, 262 NE2d 558, syllabus, the Ohio Supreme Court held that ‘[a] corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law.’ By analogy, then, a limited liability company, as a separate legal entity, cannot maintain litigation in propria persona, or appear in court through an appointed agent not admitted to the practice of law.”
In Rowland v California Men’s Colony, Unit II Men’s Advisory Council (506 US 194, 201-202 [1993]), the Court indicated that artificial entities must appear by counsel:
“The state of the law, however, leaves it highly unlikely that Congress would have made either assumption about an artificial entity like an association, and thus just as unlikely that ‘person’ in § 1915 was meant to cover more than individuals. It has been law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829 [6 L.Ed. 204] (1824); see Turner v. American Bar Assn., 407 F. Supp. 451, 476 (ND Tex. 1975) (citing the ‘long line of cases’ from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F. 2d 715 [Table] (CA7 1976), and affid sub nom. Pilla v American Bar Assn., 542 F. 2d 56 (CA8 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U. S. C. § 1654, providing that ‘parties may plead and conduct their own cases personally or by counsel,’ does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.”
A reading of the Limited Liability Company Law and the above authorities persuade this court to find that limited liability companies must appear by an attorney. Limited liability companies have the attributes of a voluntary association with corporate limited liability protection and therefore should be treated as such for the purposes of CPLR 321 (a).
*767 Conclusion
Based upon the above, this court holds that limited liability companies must appear by an attorney unless exempt to do so under CPLR 321. Respondent’s application is granted to the extent that this action is stayed until such time as petitioner appears by an attorney.