■ MICHAEL REILLY DESIGN, INC., Respondent, v MARK HOURANEY et al., Appellants. [835 NYS2d 640]—

Motion by the appellant Mark Houraney pro se on an appeal

from a judgment of the Supreme Court, Suffolk County, dated February 15, 2006, to waive the requirements of 22 NYCRR 670.10-b (f) regarding certification of the record on appeal.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that on the Court's own motion, the appeal by Mark Houraney is dismissed, without costs or disbursements, as he is not aggrieved by the judgment (see CPLR 5511); and it is further,

Ordered that on or before June 1, 2007 the appellant Northeast Holdings, LLC shall retain an attorney to represent it on this appeal and the attorney shall notify the Clerk of this Court in writing whether he or she adopts the record and brief previously filed or wishes to file a new or supplemental record and/or brief; if the attorney adopts the record previously filed, he or she shall file a certification pursuant to CPLR 2105; and it is further,

Ordered that in the event that the appellant Northeast Holdings, LLC, does not comply with the above provision, the Court will dismiss the appeal; and it is further,

Ordered that the motion is denied as academic in light of the above.

The judgment appealed from is only against the defendant Northeast Holdings, LLC. The judgment severs the action as against the defendant Mark Houraney. Accordingly, Houraney is not aggrieved, by the judgment, and the appeal taken by him must be dismissed (see CPLR 5511).

Northeast Holdings, LLC, is a limited liability company (hereinafter LLC). Houraney is a member of the LLC and appears pro se purportedly on behalf of the LLC. Houraney is not an attorney admitted to practice in the state of New York. We take this opportunity to address an issue which seems to have evaded appellate review in this state; namely, whether an LLC member who is not an attorney admitted to practice in the state of New York may prosecute an appeal on behalf of an LLC, or whether the provisions of CPLR 321 apply so as to require the LLC to retain an attorney.

An LLC, like a corporation or voluntary association, is created to shield its members from liability and once formed is a legal entity distinct from its members (see Tierra W. Apts. LLC v Bobadilla, NYLJ, Apr. 21, 1999, at 27, col 2 [Civ Ct, NY County]; Monte Carlo v Yorro, 195 Misc 2d 762 [Dist Ct, Nassau County 2003]). Accordingly, like a corporation or a voluntary association, the LLC may only be represented by an attorney and

not by one of its members who is not an attorney admitted to practice in the state of New York (*id.*; *see also* Limited Liability Companies: Tax and Business Law, ch 5, ¶ 5.05 [1] [e]; 1 Ribstein and Keatinge on Limited Liability Companies ch 3). Prudenti, P.J., Schmidt, Crane and Mastro, JJ., concur.