OPINION OF THE COURT
Philip S. Straniere, J.
“Who are you? Who, who, who, who?”[1]
“But it ain’t me, babe. No, no, no, it ain’t me babe. It ain’t me you’re lookin’ for babe.”[2]
“I am he as you are he as you are me and we are all together.”[3] Plaintiff, Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC, commenced this action against the *939 defendant, Jessica Tagliafferro, alleging that the defendant defaulted on the terms of a consumer credit agreement. As set forth below, it is obvious that the plaintiff has taken these classic rock lyrics to heart and created a situation which may be a deceptive business practice.
The court has been informed by the clerk of the court that the plaintiff has filed the summons and complaint in this matter containing the following information:
Midland Funding LLC DBA in New York as Midland
Funding of Delaware LLC
Attorneys for the plaintiff
100 Church Street, 8th Floor
New York, NY 10007
(866) 626-5053
No attorney’s name is specifically designated on the summons and complaint. CPLR 321 (a) prohibits self-representation by a corporation and requires a corporation to appear by an attorney. This requirement extends to limited liability companies as they are legal entities distinct from their members (Michael Reilly Design, Inc. v Houraney, 40 AD3d 592 [2007]). No where in the pleadings is the name of an attorney disclosed.
In addition, CPLR 2101 (d) provides:
“Indorsement by attorney. Each paper served or filed shall be indorsed with the name, address and telephone number of the attorney for the party serving or filing the paper, or if the party does not appear by attorney, with the name, address and telephone number of the party.”
The pleadings lack the name of an attorney and are defective.
The Rules of the Chief Administrator of the Courts have expanded this statute to require that all papers and pleadings be signed. 22 NYCRR 130-1.la provides:
“Signing of papers
“(a) Signature. Every pleading, written motion, and other paper, served on another party or filed or submitted to the court shall be signed by an attorney, . . . with the name of the attorney . . . clearly printed or typed directly below the signature. Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney . . . .”
The signing of the pleading becomes a certification by counsel as to the accuracy of the information contained in the document *940 (22 NYCRR 130-1.la [b]). Plaintiffs summons and complaint lacks a signature and therefore is not a certification as required by the rule. The fact that the complaint has been verified, does not correct this defect.
The complaint is verified by a “Scott Morris, Esq.” He states in the verification that he is the attorney for the plaintiff but does not set forth beneath his signature any address or other information set forth in the above rule by which the court, or a defendant, might communicate with him. The attorney registration records list only one attorney with that name in New York, but he is practicing law at a different address in New York City and is doing so as a member of law firm. Other consumer credit debt collectors list their “in-house” legal counsel or department as the attorney of record, but always have the name of an attorney designated on the pleadings. This procedure is not being utilized by the plaintiff. Plaintiff is not even seeking to avail itself of the device literary utilized by Agatha Christie in “And Then There Were None” of using the pseudonym “U.N. Owen” for an “unknown” person, in that story, the host of the weekend party.
The summons and complaint lists the plaintiffs residence as 8875 Aero Drive, Suite 200, San Diego, California and the complaint alleges that the plaintiff is a “foreign entity.” These facts would permit the complaint to be verified by an attorney as was done here (CPLR 3020 [d] [3]). Interestingly a search of the Department of State, Division of Corporations’ records lists seven entities registered in New York containing the name “Midland Funding” including both Midland Funding LLC and Midland Funding of Delaware LLC, the two entities mentioned in this summons and complaint. The Division of Corporations’ records shows both of these entities as an “Active,” “Foreign Limited Liability Company” formed in “Delaware.” Both names were filed with the Department of State on the same date, January 22, 2008. The Web site maintained by the California Secretary of State discloses only “Midland Funding LLC” as an active entity. Its address is the one recited in the pleadings for the plaintiff.
Examination of the pleadings reveals another more substantial problem beyond the failure to disclose the name of counsel. The plaintiff is designated as “Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC.” DBA is generally thought to be an abbreviation for “doing business as,” a term which means that an individual or entity — such as a *941 Corporation or limited liability company — is conducting or transacting business in New York under an “assumed name.” This should not be confused with the jurisdictional concept of “doing business” in a particular state so as to be present for the commencement of litigation.
New York law (General Business Law art 9-B) requires that a person or entity doing business under an assumed name comply with the requirements of General Business Law § 130. The statute requires a limited liability company to file with the secretary of state a certificate setting forth the name under which business is to be carried on, conducted or transacted as well as its legal name (General Business Law § 130 [1] [b]). The statute also provides, “the ‘real name’ of a limited liability company shall mean its name as set forth in its articles of organization and any generally accepted, understood or recognizable abbreviation of such names” (General Business Law § 130 [1-a] [b]). This being the case, because both Midland Funding LLC and Midland Funding of Delaware LLC are registered as foreign limited liability companies with the Department of State, both are “real names” under the statute. Therefore, one entity cannot be a “DBA” for the other entity. The idea is that there is only one legal person (General Business Law § 130 [1-a] [a]) whether the name being used is either the name of the legally registered entity or individual, or the one under which business is being conducted. There is no evidence that the proper certificate of doing business under an assumed name has been filed by the plaintiff.
For instance, should Clark Kent abandon his altruism and decide to supplement his meager reporter’s income by marketing his alter ego, he would go from “Clark Kent aka Superman” to “Clark Kent dba Superman.” Other proper “doing business as” designations would be “Scrooge McDuck Enterprises, Inc. dba The Duckburg National' Bank.” Or even “Rick Blaine dba Rick’s Café Americain.” This issue could get complicated as in the case of the performer “Prince” when he decided to be called “The Artist Formerly Known As Prince.” Was this a change of name or was he now really “Prince dba The Artist Formerly Known As Prince?” (This apparently is an issue for a higher court to resolve). Also an interesting situation was created by Halley Mills playing the twins Susan Evers and Sharon McKendrick in “The Parent Trap” and Patty Duke portraying both Patty Lane and her identical cousin Cathy Lane in “The Patty Duke Show.” Can a person “do business as” more than one other person?
*942 In this litigation, a designation such as either Midland Funding LLC, doing business as “Midland Funding of New York” or Midland Funding of Delaware LLC, doing business as “Midland Funding of New York” would be proper. The current attempt to have one registered LLC be designated as another LLC is not permitted. Each entity named in the caption is capable of doing business as or under an assumed name, but cannot do business under each other’s name.
Perhaps the situation has been complicated because plaintiff alleges that “[p]laintiff is a debt collector licensed by the NYC Department of Consumer Affairs, License #1312658.” A search of the Department of Consumer Affairs records shows that license number belongs to Midland Funding of Delaware LLC and not Midland Funding LLC. Which means only Midland Funding of Delaware may attempt to collect this debt in New York City.
In fact, this practice may be a “deceptive” act or practice under General Business Law § 349 in that it is impossible for the defendant to know which entity is the correct plaintiff. The complaint alleges that this consumer credit debt was taken by assignment from the original creditor. It is impossible for either the defendant or the court to determine which of the two Midland LLC’s named in the complaint is the proper one. The complaint does not plead which entity actually purchased the defendant’s alleged debt nor which entity is trying to collect it. Plaintiff may be subject to damages and punitive damages under that statute if a deceptive practice is established. The court at this juncture will not conclude any bad faith on the part of the plaintiff and will give the plaintiff the opportunity to correct the pleadings.
In an attempt to resolve these issues and determine the name of counsel, the court recorded the entire summons and complaint and then played it backwards. All to no avail.
The commencement of litigation to collect consumer debt is neither “brain surgery” nor “rocket science.” But it does require some attention to the rules of civil procedure, which based on this court’s experience, apparently is not part of the equation for a significant number of members of the debt collection fraternity. When you buy furniture from IKEA to be assembled, it is generally a good idea to read and follow directions lest the furniture unexpectedly collapse under its own weight. You should not mistake an Allen wrench for a walking stick provided by Obamacare for Thumbelina; it, like the CPLR, is there to help you successfully complete the project.
*943 Based on the foregoing, the clerk is directed to stay placing this matter on a trial or motion calendar or entering a default judgment until plaintiff files an amended summons and complaint designating counsel with the proper contact information and correcting the plaintiffs “doing business as” status.

. 1. Peter Townshend, “Who Are You?,” on Who Are You (MCA Records 1978).

. 2. Bob Dylan, “It Ain’t Me, Babe,” on Another Side of Bob Dylan (Columbia Records 1964).

. 3. John Lennon and Paul McCartney, “I Am the Walrus,” on Magical Mystery Tour (Capitol Records 1967).