■ MONA AND JACK'S CLOTHING, INC., Doing Business as CHEAP JACK'S CLOTHING, Respondent, v OLA, INC., Doing Business as RIDGEWOOD AUTOMOTIVE CENTER, et al., Appellants. [19 NYS3d 325]—

In an action to recover damages for negligence and breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered January 16, 2014, which denied their motion to dismiss the complaint based on the plaintiff's failure to comply with a conditional order of preclusion or for summary judgment dismissing the complaint, and for an award of costs, including reasonable attorneys' fees.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing and determination with respect to that branch of the defendants' motion which was for an award of costs, including reasonable attorneys' fees.

In 2005, the plaintiff leased the subject premises from the defendants to store vintage clothing. Sometime in 2010, the plaintiff discovered that the items stored were damaged by moisture, mold, and mildew, and commenced the instant action alleging causes of action sounding in breach of contract and negligence.

On October 15, 2012, the Supreme Court issued a conditional order of preclusion directing the plaintiff, within 60 days of the order, to provide the defendants with "a response to their demand for documentation regarding its damages claims" and "its expert report on damages," or be "precluded from offering such at trial or in any motion." The plaintiff failed to comply with those directives.

In an order dated May 15, 2013, the plaintiff's counsel's motion to be relieved as counsel was granted, and the action was stayed for 60 days following filing of the proof of service of the order to permit the plaintiff to retain new counsel. The plaintiff failed to retain new counsel.

By notice of motion dated August 7, 2013, the defendants moved to dismiss the complaint based upon the plaintiff's failure to comply with the preclusion order, asserting that they were entitled to such relief because the plaintiff was precluded from offering any evidence as to damages. In opposition, the plaintiff submitted the affidavit of one of its officers, in which he asserted that former counsel "egregiously mis-handled discovery." In the alternative, the defendants moved for summary judgment dismissing the complaint, relying on the affidavit of an expert, who opined that the damage to the plaintiff's property was caused by the plaintiff's defective methods of storage, and not defective conditions on the premises. The defendants also sought an award of costs, including reasonable attorneys' fees. In the order appealed from, the Supreme Court denied the defendants' motion, upon determining that dismissal for failure to comply with the preclusion order was not warranted and, in effect, that an award of summary judgment would be premature. The court directed the parties to complete discovery within 60 days. We reverse.

As a result of the plaintiff's failure to timely comply with the conditional order of preclusion, that conditional order became absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]; SRN Realty, LLC v Scarano Architect, PLLC, 116 AD3d 693 [2014]). To be relieved of the adverse impact of the conditional order, the plaintiff was required to demonstrate a reasonable excuse for its failure to comply with the order and the existence of a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). The plaintiff failed to demonstrate either (see Hughes v Brooklyn Skating, LLC, 120 AD3d 758 [2014]).

Further, the defendants established their entitlement to judgment as a matter of law, and the plaintiff, in opposition thereto, failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

Pursuant to the terms of the parties' lease, which was binding upon the plaintiff as a holdover tenant (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300 [1975]; Visken v Oriole Realty Corp., 305 AD2d 493, 494 [2003]; Lynch v Savarese, 217 AD2d 648, 649 [1995]), the prevailing party in an action arising out of the plaintiff's possession of the

premises is entitled to costs incurred in the action, including reasonable attorneys' fees. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and determination with respect to that branch of the defendants' motion which was for an award of costs, including reasonable attorneys' fees.

The defendants' remaining contentions need not be addressed in light of our determination. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.