■ JING SHAN CHEN, Respondent, v R & K 51 REALTY, INC., Appellant. [48 NYS3d 474]—

In an action, inter alia, for specific performance of a contract

for the sale of real property or, in the alternative, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated August 13, 2015, which granted the plaintiff's motion for leave to enter a default judgment against it upon its failure to appear or answer the complaint, denied its cross motion to compel the plaintiff to accept its late answer, and directed specific performance of the contract.

Ordered that the order is affirmed, with costs.

On October 15, 2014, the plaintiff commenced this action alleging, inter alia, that the defendant breached a contract to sell him a condominium unit located in Brooklyn. On November 28, 2014, the plaintiff delivered a copy of the summons and complaint to the Secretary of State for service upon the defendant pursuant to Business Corporation Law § 306 (b). Thus, the defendant was required to answer or otherwise appear within 30 days (see CPLR 320 [a]), but it failed to do so. On March 14, 2015, the plaintiff moved for leave to enter a default judgment against the defendant. On April 28, 2015, the day before the return date of the plaintiff's motion, the defendant appeared in the action and opposed the motion. In an affidavit, the defendant's principal stated that the defendant never received the summons and complaint served through the Secretary of State, and that he did not learn of the action until sometime in January 2015. The defendant also cross-moved to compel the plaintiff to accept its late answer. The Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and directed specific performance of the contract. The defendant appeals.

The plaintiff established his entitlement to a default judgment by submitting proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default (see CPLR 3215 [f], [g] [4] [i]; *Triangle Props. #2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]; *Grinage v City of New York*, 45 AD3d 729, 729 [2007]).

"To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense" (*Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; see CPLR 5015 [a] [1]). Similarly, "[t]o extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable

excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (*New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co.*, 120 AD3d 1322, 1323 [2014]). Here, the defendant's principal's unsubstantiated denial of receipt of the summons and complaint served through the Secretary of State did not amount to a reasonable excuse for the defendant's default (*see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447, 447 [2005]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]). Further, although the defendant's principal averred that he learned of the action in January 2015, after the time to answer or otherwise appear had elapsed, the defendant failed to establish a reasonable excuse for not appearing in the action until several months later (*see Arias v First Presbyt. Church in Jamaica*, 100 AD3d 940, 941 [2012]; *Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041, 1042 [2011]). Since the defendant failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether the defendant demonstrated the existence of a potentially meritorious defense (*see Bernstein v Geiss*, 111 AD3d 774, 775 [2013]; *Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]).

Further, the defendant was not entitled to relief pursuant to CPLR 317 since it failed to demonstrate that it did not receive actual notice of the summons and complaint in time to defend the action (*see* CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]; *Wassertheil v Elburg, LLC*, 94 AD3d at 754; *Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973, 973-974 [2011]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081 [2011]; *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 977 [2009]; *Marinoff v Natty Realty Corp.*, 17 AD3d 412, 413 [2005]).

The defendant's contention that the plaintiff was not entitled to specific performance of the contract, which was not raised before the Supreme Court, is not properly before this Court (*see Lillian H. Assoc., LLC v Halal*, 137 AD3d 873 [2016]; *Sprain Brook Manor Nursing Home v Glazer*, 6 AD3d 522, 523 [2004]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to enter a default judgment and denied the defendant's cross motion to compel acceptance of its

late answer. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.