■ STEVEN SEIDLER et al., Appellants, v JACOB KNOPF, Also Known as JACK KNOPF and Another, et al., Defendants, and ASHBURTON 70, LLC, et al., Respondents. [61 NYS3d 94]—

In an action, inter alia, to recover damages for breach of contract and securities law violations, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated August 6, 2015, as denied that branch of their motion which was for leave to enter a default judgment against the defendants Ashburton 70, LLC, and AAR Group Holding, LLC, on the first, third, and twelfth causes of action, upon those defendants' failure to appear or answer the complaint, and granted that branch of the cross motion of the defendants Ashburton 70, LLC, and AAR Group Holding, LLC, which was to compel the plaintiffs to accept a late answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants Ashburton 70, LLC, and AAR Group Holding, LLC, on the first, third, and twelfth causes of action is granted, that branch of the cross motion of the defendants Ashburton 70, LLC, and AAR Group Holding, LLC, which was to compel the plaintiffs to accept a late answer is denied, and the matter is

remitted to the Supreme Court, Kings County, for an inquest on the issue of damages with respect to the first, third, and twelfth causes of action.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract and securities law violations. The defendants Ashburton 70, LLC, and AAR Group Holding, LLC (hereinafter together the defendants), were served with process via the Secretary of State on September 9, 2014, pursuant to Limited Liability Company Law § 303, and therefore were required to appear and/or respond to the complaint on or before October 9, 2014 (see CPLR 320 [a]; 3012 [c]).

The plaintiffs moved, inter alia, for leave to enter a default judgment against the defendants on the first, third, and twelfth causes of action, upon those defendants' failure to appear or answer the complaint. The defendants cross-moved, among other things, to compel the plaintiffs to accept a late answer. In an order dated August 6, 2015, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was to compel the plaintiffs to accept a late answer, and denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants on the first, third, and twelfth causes of action. We reverse the order insofar as appealed from.

The plaintiffs established their entitlement to a default judgment against the defendants on the first, third, and twelfth causes of action by submitting proof of service of the summons and complaint, proof of the facts constituting those causes of action, and proof of the defendants' default in appearing or answering the complaint (see CPLR 3215 [f], [g]; *Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d 689, 690 [2017]; *Cruz v Keter Residence, LLC*, 115 AD3d 700, 700 [2014]; *Triangle Props. #2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]).

"To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its default and the existence of a potentially meritorious defense" (*Cruz v Keter Residence, LLC*, 115 AD3d at 700-701; see *Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d at 690; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]). Here, the defendants failed to demonstrate a reasonable excuse for their delay in appearing or answering the complaint. The individual defendants' unsuccessful attempt to appear on behalf of the defendant limited liability companies in violation of CPLR 321 (a) (see *Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592 [2007]) did not constitute a reasonable excuse (see *Pisciotta*

*v Lifestyle Designs, Inc.*, 62 AD3d 850, 853 [2009]; *Jimenez v Brenillee Corp.*, 48 AD3d 351, 352 [2008]).

Similarly unavailing is the assertion that the delay in appearing or answering was due to the mistaken belief that the parties would arbitrate the dispute, since the arbitration agreement cited by the defendants did not involve them.

Since the defendants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether they demonstrated the existence of a potentially meritorious defense (*see Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d at 691; *Bernstein v Geiss*, 111 AD3d 774, 775 [2013]). In light of the foregoing, that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants on the first, third, and twelfth causes of action should have been granted, and that branch of the defendants' cross motion which was to compel the plaintiffs to accept a late answer should have been denied. Accordingly, we remit the matter to the Supreme Court, Kings County, for an inquest on the issue of damages with respect to the first, third, and twelfth causes of action. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.