Vizelter v Strogov (2019 NY Slip Op 01814)





Vizelter v Strogov


2019 NY Slip Op 01814


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-00020
 (Index No. 16284/13)

[*1]Klara Vizelter, appellant, 
v
Emilia Strogov, etc., et al., respondents.


Nora Constance Marino, Great Neck, NY, for appellant.
Kaufman Borgeest & Ryan, LLP, Garden City, NY (David Bloom of counsel), for respondent Emilia Strogov.
Gerspach Sikoscow, LLP, New York, NY (Thomas J. Gerspach and Kristen J. Halford of counsel), for respondent Jessica B. Gallina.



DECISION & ORDER
In an action to recover damages for podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated September 22, 2016. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate a prior order of the same court dated July 25, 2014, granting the defendants' separate unopposed motions to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order dated September 22, 2016, is affirmed, with one bill of costs.
The plaintiff commenced this action in August 2013 seeking to recover damages for podiatric malpractice concerning surgical treatment. In October 2013, the defendants submitted demands to the plaintiff's prior attorney, Stephen Krawitz, for a bill of particulars and authorizations permitting the defendants to obtain medical records related to the complaint. After repeated demands to Krawitz, each of the defendants moved to dismiss the complaint based on the plaintiff's failure to respond. By order dated June 27, 2014, the Supreme Court directed the plaintiff to appear on July 18, 2014, or the defendants' motions to dismiss would be granted. By order dated July 25, 2014, the court granted the defendants' motions to dismiss the complaint based on the plaintiff's failure to appear or oppose the defendants' motions. Subsequently, Krawitz was relieved as the plaintiff's attorney and the plaintiff retained a new attorney in March 2016. Thereafter, in June 2016, the plaintiff moved, in effect, pursuant to CPLR 5015(a) to vacate the order dated July 25, 2014, arguing that she never had any intention to abandon the action. She contended that her prior attorney did not inform her about the discovery demands or the court's orders. In the order appealed from, the court denied the plaintiff's motion, in effect, to vacate the order dated July 25, 2014.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Brinson v Pod, 129 AD3d 1005, 1008; Oller v Liberty Lines Tr., Inc., 111 AD3d 903, 904; Schenk v Staten Is. Univ. Hosp., 108 AD3d 661, 662; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790, 790; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076). The determination of what constitutes a [*2]reasonable excuse lies within the sound discretion of the Supreme Court, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default at issue (see Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915). However, mere neglect is not a reasonable excuse (see OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the plaintiff failed to present a reasonable excuse for her defaults. The plaintiff's affidavit contained conclusory and unsubstantiated allegations that her prior attorney did not inform her about her case. The plaintiff failed to provide a detailed excuse as to why she allowed two years and seven months to pass between the commencement of this action and her inquiry into her prior attorney's failure to appear or oppose the defendants' motions. The plaintiff's failure to apprise herself of any of the defendants' correspondence with her prior attorney, from the initial October 2013, discovery requests until she made inquiry with a new attorney in March 2016 about the status of her case, constitutes a history of repeated neglect by which the default on the part of the plaintiff's prior counsel can be imputed to the plaintiff (see Edwards v Feliz, 28 AD3d 512, 513; MRI Enters. v Amanat, 263 AD2d 530, 531).
Since the plaintiff failed to demonstrate a reasonable excuse for her default, we need not reach the issue of whether she demonstrated the existence of a potentially meritorious opposition to the motions (see Seidler v Knopf, 153 AD3d 874, 876; 92-18 149th St. Realty Corp. v Stolzberg, 152 AD3d 560; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the order dated July 25, 2014, granting the defendants' separate unopposed motions to dismiss the complaint insofar as asserted against each of them.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court