Jacob v Siberian Ice, LLC (2019 NY Slip Op 02321)





Jacob v Siberian Ice, LLC


2019 NY Slip Op 02321


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2018-00857
 (Index No. 713055/16)

[*1]Mazal Ben Jacob, appellant,
v
Siberian Ice, LLC, et al., respondents.


Cohen & Cohen Law Group, P.C., Forest Hills, NY (Albert I. Cohen and Charles Haviv of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Beth L. Rogoff-Gribbins, Pamela Wolff Cohen, and James K. O Sullivan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 5, 2017. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants on the issue of liability and, sua sponte, directed the plaintiff to accept the defendants' answer.
ORDERED that upon the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the plaintiff to accept the defendants' answer is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants on the issue of liability is granted.
On November 1, 2016, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of a slip-and-fall accident that occurred at the premises owned and/or operated by the defendants. The summons and verified complaint were served upon the defendants through the New York Secretary of State on November 9, 2016. By letter dated February 20, 2017, the plaintiff advised the defendants that the time to serve an answer in the action had expired and that a motion for leave to enter a default judgment was forthcoming. Approximately five months after the action was commenced, the defendants attempted to serve their answer upon the plaintiff, and the plaintiff rejected it as untimely. Thereafter, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants on the issue of liability. By order entered December 5, 2017, the Supreme Court denied the plaintiff's motion and, sua sponte, directed the plaintiff to accept the defendants' answer. The plaintiff appeals. We reverse.
The plaintiff established her entitlement to leave to enter a default judgment against the defendants by submitting proof of service of the summons and complaint, proof of the facts [*2]constituting the causes of action, and proof of the defendants' default in appearing in the action or answering the complaint (see CPLR 3215[f]; Loughran v Giannoti, 160 AD3d 709, 710; Seidler v Knopf, 153 AD3d 874, 875).
"To successfully oppose a facially adequate motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense" (Loughran v Giannoti, 160 AD3d at 710; see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690; Wassertheil v Elburg, LLC, 94 AD3d 753). "Similarly, [t]o compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Loughran v Giannoti, 160 AD3d at 710, quoting Ryan v Breezy Point Coop., Inc., 76 AD3d 523, 524). Here, the defendants failed to demonstrate a reasonable excuse for their delay in appearing or answering the complaint. Therefore, it is unnecessary for this Court to determine whether the defendants demonstrated a potentially meritorious defense (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 595; Deutsche Bank Natl. Trust Co v Kuldip, 136 AD3d 969; Segovia v Delcon Constr. Corp. 43 AD3d 1143, 1144).
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants on the issue of liability.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court