Williams v Davita Healthcare Partners, Inc. (2019 NY Slip Op 03402)





Williams v Davita Healthcare Partners, Inc.


2019 NY Slip Op 03402


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-03220
 (Index No. 9847/15)

[*1]Vickie Williams, appellant, 
v
Davita Healthcare Partners, Inc., et al., respondents.


Joseph B. Fruchter, Hauppauge, NY, for appellant.
Martin Clearwater & Bell, LLP, New York, NY (Jean M. Post, Sean F.X. Dugan, and Yuko A. Nakahara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 19, 2018. The order granted that branch of the defendants' motion which was to enforce a self-executing conditional order of dismissal of the same court dated November 15, 2017.
ORDERED that the order entered January 19, 2018, is affirmed, with costs.
In November 2015, the plaintiff commenced this action to recover damages for personal injuries allegedly caused by the defendants' negligence. The defendants served discovery demands and, over the next approximately 22 months, reiterated those demands, both in multiple letters and via a motion pursuant to CPLR 3126. In a preliminary conference order dated March 6, 2017, the Supreme Court directed the plaintiff to provide the disputed items of discovery. By order dated October 25, 2017, the court denied the defendants' motion pursuant to CPLR 3126 due to procedural defects in the motion papers, but cautioned the plaintiff that the denial of the motion was a "second or third chance she [did] not necessarily deserve."
On November 15, 2017, the Supreme Court issued a self-executing conditional order dismissing the plaintiff's complaint unless she provided the items of discovery specified therein on or before December 15, 2017. On December 4, 2017, the plaintiff provided a partial response, but failed to provide, inter alia, a supplemental bill of particulars or unrestricted medical authorizations. On December 12, 2017, the defendants notified the plaintiff that they believed that her disclosure remained incomplete and listed their objections. When the plaintiff failed to cure the defects prior to December 15, 2017, the defendants moved, inter alia, to enforce the self-executing conditional order of dismissal dated November 15, 2017. By order entered January 19, 2018, the court granted that branch of the defendant's motion and directed dismissal of the complaint. The plaintiff appeals.
We agree with the plaintiff's contention that the Supreme Court should have considered her opposition to the defendants' motion because, contrary to the Supreme Court's finding, her opposition was not untimely. The defendants' motion, which was served on December 18, 2017, specified a return date of January 10, 2018. The plaintiff's answering papers were served by mail on January 8, 2018. Pursuant to CPLR 2214(b), answering papers must be served at least [*2]two days prior to the return date of the motion. Where the notice of motion is served at least 16 days prior to the return date, answering papers must be served at least seven days prior to the return date "if [the] notice of motion . . . so demands" (CPLR 2214[b]). Service of papers by mail is complete upon mailing (see CPLR 2103[b][2]). Here, since the defendants' motion papers were served more than 16 days in advance, they could have demanded that the plaintiff's answering papers be served at least seven days prior to the return date. However, the defendants' notice of motion demanded only that "answering papers must be served pursuant to the CPLR." Since the defendants failed to invoke the provision requiring service at least seven days in advance, the plaintiff's service of answering papers two days in advance was timely and her opposition should have been considered by the Supreme Court (see CPLR 2103[b][2], 2214[b]; Kihl v Pfeffer, 94 NY2d 118, 122).
Nevertheless, we agree with the Supreme Court's determination to enforce the conditional order of dismissal dated November 15, 2017. Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 859; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1012-1013; Mona & Jack's Clothing, Inc. v Ola, Inc., 133 AD3d 642, 643). To be relieved of the adverse impact of a conditional order, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a potentially meritorious claim or defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Tanriverdi v United Skates of Am., Inc., 164 AD3d at 859; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691; Scholem v Acadia Realty L.P., 144 AD3d at 1013; Mona & Jack's Clothing, Inc. v Ola, Inc., 133 AD3d at 643).
Here, the record is clear that the plaintiff failed to comply with the terms of the conditional order of dismissal. The plaintiff's supplemental bill of particulars, which the defendants had demanded on multiple occasions and which the Supreme Court had twice directed her to serve, was not served until January 8, 2018, well after the December 15, 2017, deadline imposed by the conditional order of dismissal. Similarly, the plaintiff failed to provide unrestricted, HIPAA-compliant authorizations for, among others, her primary care physician, prior to the deadline. Since the plaintiff failed to provide a reasonable excuse for her failure to timely produce the ordered discovery, and made no effort to demonstrate that she had a potentially meritorious cause of action (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691), we agree with the court's determination granting that branch of the defendants' motion which was to enforce the self-executing conditional order of dismissal dated November 15, 2017.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court