**Chang v Livlng Space Design, LLC**

2025 NY Slip Op 32498(U)

July 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 503331/2019

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 14th day of July 2025.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court
----------------------------------------------------------------------x

RYAN CHANG,                                                    Index No. 503331/2019

                             Plaintiff,                        Cal. No. 5    MS 1

              -against-                                        **Amended**
                                                               **Decision and Order**
LIVING SPACE DESIGN, LLC, CARVER
FARRELL aka WOODMAN CARVER FARRELL,
SONYA FARRELL and JOAN HONG,


                             **Defen**dants.
----------------------------------------------------------------------x
The following e-filed papers read herein:                     NYSCEF Doc Nos.
MS                                                             28-54

Plaintiff Ryan Chang has interposed a motion for an order pursuant to CPLR 3215 and 321

(a) awarding plaintiff (i) a default judgment against defendant Living Space Design, LLC ("Living

Space") with respect to plaintiff's first cause of action for breach of contract and unjust enrichment

in the underlying lawsuit styled *Ryan Chang v Living Space Design*, Kings County Supreme

Court, Index No. 508809/2018 (the "Underlying Action") in the amount of $2,815,690.92, plus

pre-judgment interest from June 30, 2016 through entry of judgment at the statutory interest rate

of 9% pursuant to CPLR 5004; (ii) plaintiff moves for a default judgment against Living Space

with respect to plaintiff's second cause of action for unjust enrichment in the Underlying Action

1

[* 1]

in the amount of $2,327,217.46; and (iii) plaintiff moves for a default judgment against Living Space with respect to plaintiff's third cause of action for trust fund diversion in the present action (the "Trust Fund Diversion Action") in the amount of $2,327,217.46.

## Living Space's Alleged Breach
## of the Parties' Construction Agreement

Plaintiff is the owner of a residential property located at 101 Willow Street, Brooklyn, New York 11201 (the "Property"). On October 9, 2014, plaintiff entered into a construction contract (the "Construction Contract") with Living Space to undertake renovation work on the Property in consideration of the sum of $2,558,000.50 (the "Project") (see NYSCEF Doc No. 30). Plaintiff alleges that Living Space failed to supply the requisite manpower to perform the work agreed upon under the Construction Contract, leading to the Project not proceeding in a timely fashion. As such, plaintiff served a Notice to Cure Default on Living Space advising the latter entity that it would be terminated from the Project for cause should it persist in failing to supply sufficient manpower to complete the Project.

Plaintiff contends that, in lieu of properly staffing the Project and curing the default, Living Space abandoned the Project in breach of the Construction Contract. As such, plaintiff terminated Living Space from the Project on July 15, 2016. Plaintiff asserts that, owing to Living Space's abandonment of the Project, plaintiff incurred additional costs to complete the Project amounting to $3,046,473.96.

## The Underlying Action

On April 30, 2018, plaintiff commenced the Underlying Action, in which it asserted causes of action for breach of contract and unjust enrichment against Living Space. Due to Living Space's failure to answer or otherwise respond to the complaint, on October 3, 2018, the court granted plaintiff's motion for a default judgment and scheduled an inquest for damage assessment

2

[* 2]

purposes. On January 11, 2019, at the inquest, the court awarded plaintiff a judgment against Living Space in the amount of $3,741,701.28. On August 15, 2019, Living Space moved to vacate the default judgment, which motion was ultimately granted by Decision and Order dated October 28, 2019.

On June 24, 2021, the court issued a So-Ordered Stipulation and Order, pursuant to which, in furtherance of judicial economy, the Underlying Action was joined with the present action (the "Trust Fund Diversion Action") "for all purposes, including discovery, dispositive motion practice and trial" (*see* NYSCEF Doc No. 46).

### Living Space's Refusal to Retain Counsel

On February 26, 2025, the parties appeared for a court conference, during which defendant Woodman Carver Farrell ("Defendant Farrell") terminated counsel for defendants in the Underlying Action and the Trust Fund Diversion Action (namely, The Vergari Law Firm, PLLC), as memorialized in the February 26, 2025 Order executed by Defendant Farrell, in which the latter indicates as follows:

> "I was the principal of Living Space Design, LLC, mentioned in the above action. As a result of today's conference I am releasing Chase Vergari, who was representing the LLC and parties.
>
> /s/ Woodman Carver Farrell."

(NYSCEF Doc No. 47).

Since February 26, 2025, defendants, including Living Space and Defendant Farrell, have been afforded multiple opportunities by both the court and plaintiff to retain new counsel for Living Space, a limited liability company, to no avail. Specifically, on March 31, 2025, plaintiff's counsel sent a letter to Living Space, and Defendant Farrell, requesting as follows that Living

3

[* 3]

Space advise plaintiff whether it has retained new counsel: "On February 27, 2025 the court entered an Order

. . . whereby Defendants . . . relieved Chase Vergari, Esq. as their attorney . . . In advance of the parties' upcoming status conference next Tuesday, April 1, 2025, please advise whether Living Space Design has retained new counsel to represent it" (*see* NYSCEF Doc No. 48). In response, Living Space, through its principal, Defendant Farrell, advised plaintiff's counsel that it has not retained new counsel: "I have not retained anyone" (*see* NYSCEF Doc No. 49).

On April 1, 2025, the parties appeared for a court conference before this court, during which defendants advised the court that they had no intention of hiring another attorney for Living Space, and, as such, the court issued a Conference Order authorizing plaintiff to move for a default judgment against Living Space as follows:

> "After a conference held today, it is hereby agreed and ordered as follows:
>
> 1) Plaintiff intends to move within 30 days for default.
> 2) Defendants appeared and indicated they have no intention of hiring another attorney . . . ."

(NYSCEF Doc No. 50).

A review of the NYSCEF database reveals that, as of July 8, 2025, no notice of appearance has been filed at the behest of Living Space notwithstanding the various opportunities granted to such party to retain counsel since February 26, 2025 in a proceeding that has been languishing for over seven years (*see* NYSCEF Doc No. 35, complaint).

### Living Space Is Subject to a Default Judgment as it Cannot Proceed Without Counsel

Pursuant to CPLR 321 (a), which provides that "a corporation . . . shall appear by attorney," a limited liability company must be represented by counsel to prosecute, or defend, a litigation.

4

[* 4]

Insofar as Living Space has declined to retain new counsel to represent it, despite having had ample time to do so since February 26, 2025, a default judgment is appropriate at this juncture, lest corporate defendants be encouraged unduly to prolong longstanding cases by failing to retain counsel (*see Seidler v Knopf*, 153 AD3d 874, 875 [2d Dept 2017] [default judgment issued against defendants limited lability companies where, as here, individuals controlling the limited liability companies purported to appear pro se and answer on behalf of such entities in violation of CPLR 321 (a)]; *see also Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592, 593 [2d Dept 2007] ["[a]n LLC, like a corporation or voluntary association, is created to shield its members from liability and once formed is a legal entity distinct from its members . . . Accordingly, like a corporation or a voluntary association, the LLC may only be represented by an attorney and not by one of its members who is not an attorney admitted to practice in the state of New York"]).

A limited liability company is subject to a default judgment where, as here, such entity's counsel has been terminated, and the limited liability company subsequently fails to appear through new incoming counsel (*see Jimenez v Brenillee Corp.*, 48 AD3d 351, 352 [1st Dept 2008] [court held that a corporate defendant, which is not represented by counsel, constitutes a default permitting entry of judgment against it since CPLR 321 is designed to "ensure that the corporation has a licensed representative who is answerable to the court and other parties for his or her own conduct in the matter"] [internal quotation marks omitted]).

As established above, despite having been afforded various opportunities by the court and plaintiff alike to retain counsel since February 26, 2025, Living Space has obdurately refused to retain counsel, informing the court in open court during the April 1, 2025 hearing that it has "no intention of hiring another attorney" (*see* NYSCEF Doc No. 50), in contravention of CPLR 321

5

(a), thereby leaving the court with no alternative but to hold that a default judgment is appropriate in this longstanding proceeding.

Further militating in favor of granting a default judgment, plaintiff has established proof of service of the complaint in the Underlying Action, the complaint and amended complaint in the Trust Fund Diversion Action, as well as proof of the facts constituting the breach of contract, unjust enrichment and trust diversion causes of action in adherence with CPLR 3215 (f), which prima facie showing Living Space has failed to refute in light of its unwillingness to retain counsel to oppose the motion.[1] In these circumstances, the motion for a default judgment interposed by plaintiff should be granted based on applicable precedent (*see Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d 689, 690 [2d Dept 2017] [the Appellate Division, Second Department held that "plaintiff established his entitlement to a default judgment by submitting proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default"]; *see also Cruz v Keter Residence, LLC*, 115 AD3d 700 [2d Dept 2014] [court granted plaintiff's motion for a default judgment since "[i]n support of his motion for leave to enter a default judgment on the issue of liability, the plaintiff submitted proof of delivery of copies of the summons and complaint to the Secretary of State . . . He also submitted proof of the facts constituting the claim, and of the defendant's default"]).

## Conclusion

Based on the foregoing, plaintiff's motion for an order pursuant to CPLR 3215 granting plaintiff a default judgment against Living Space is granted with respect to plaintiff's breach of contract, unjust enrichment and trust diversion causes of action. The inquest scheduled to proceed

---

[1] As reflected in the April 1, 2025 Conference Order, during the conference, plaintiff indicated that he intended to interpose a motion for a default judgment within 30 days, whereupon defendants "indicated that they have no intention of hiring another attorney" (*see* NYSCEF Doc No. 50).

6

[* 6]

before this Part on November 13, 2025 at 10:00 a.m. pursuant to the Decision and Order dated July 11, 2025 (*see* NYSCEF Doc No. 59) is hereby removed from the calendar. An inquest on the issue of damages as to the breach of contract, unjust enrichment and trust diversion causes of action shall be referred to, and proceed before, a special referee to hear and report. A referral order is signed simultaneously herewith. Any relief not expressly addressed herein has been considered and is denied.

ENTER:

_____

Honorable Reginald A. Boddie

**HON. REGINALD A. BODDIE
J.S.C.**