OPINION OF THE COURT
Kevin C. Fogarty, J.
Respondent’s attorney has moved for an order: (1) Removing the Society for the Prevention of Cruelty to Children (SPCC) as the Law Guardian for the phild Roxanna Rapp; (2) Setting aside the court’s finding that the respondent violated the terms of an order of protection issued to petitioner; and (3) Disqualifying the undersigned from hearing the instant motion. The SPCC has filed an affirmation in opposition, and respondent’s attorney filed a further affirmation.
At the outset, this court refuses to disqualify itself from hearing this motion. Respondent’s attorney’s affirmation alleges that because of my prior association with the Brooklyn SPCC a conflict might be caused in my consideration of this motion. The Brooklyn SPCC and the New York SPCC are completely separate entities; moreover, the court is disturbed *377 by Mr. Bibelnieks’ insinuations. That part of the motion is denied.
Nowhere in the file can this court find the appointment of the SPCC as Law Guardian for the child. Rather, it is clear that SPCC was appointed to act as guardian ad litem for Roxanna.
Whereas a Law Guardian must be an attorney, a guardian ad litem need not. These two terms have come to be used interchangeably in the Family Court, and perhaps that has led to the present confusion.
The Family Court Act does have specific provisions for the appointment of a Law Guardian in cases arising under article 7 or 10 and in these situations the appointment of a Law Guardian is mandatory. However, article 8, which governs family offense petitions, is not included in this mandatory language and therefore the appointment of a Law Guardian is within the Judge’s sound discretion.
The appointment of a guardian ad litem is not mandated by the Family Court Act except in certain juvenile delinquency cases. Thus, when the court finds it appropriate, a guardian ad litem may be appointed. It would be improper for the undersigned to inquire into the propriety of the acts of another Judge of this court. We must assume that the court acted within its discretion in the appointment of the SPCC as guardian ad litem for this child in this case.
Hence, the portion of respondent’s motion asking SPCC to be removed is inappropriate.
The SPCC representative’s actions in questioning those persons testifying was proper. Respondent’s attorney errs in his allegation that Mr. Quartucci was acting in the capacity of an attorney at law.
The SPCC is specifically exempted from the provisions of the Judiciary Law which state who may appear in court proceedings. The SPCC representative need not be an attorney admitted to practice law in New York when he is exercising the special powers conferred by the Not-For-Profit Corporation Law. (See Judiciary Law, §§ 478, 484.)
Section 1403 (subd [b], par [1]) of the Not-For-Profit Corporation Law states in relevant part: "A corporation formed for the purpose of preventing cruelty to children * * * may aid in presenting the law and facts to such court, tribunal or magistrate in any proceeding therein.”
*378 The only reasonable construction of the above words is that SPCC, as guardian ad litem, may question any parties or witnesses testifying at a hearing. This is required in order that they may fulfill their function of protecting the best interests and welfare of the child.
To presume other meaning for those words would severely restrain the function and operation of the SPCC and would effectively completely eliminate the need for their presence. The investigative services available to the SPCC and required in a case such as the one at bar cannot be duplicated by a Law Guardian.
Surely there are situations in which the appointment of a Law Guardian and guardian ad litem is appropriate. (See Family Ct Act, § 741.) However, that is not the instant case, and considering the clear language of the Not-For-Profit Corporation Law, as noted above, the SPCC acted permissibly when its representative questioned the respondent regarding the alleged violation of the order of protection.
Therefore, the respondent’s motion to set aside the finding made June 20, 1979 is denied. SPCC is to continue to act as guardian ad litem for the minor child Roxanna Rapp in the hearing on the supplemental petition filed by respondent on August 10, 1979.
It is further noted that during the course of the trial respondent’s attorney objected to the questioning of the respondent by the SPCC representative. At that time, the objection was overruled. If respondent’s attorney was not satisfied with that ruling, his proper remedy would be an appeal rather than this motion. The motion is denied in its entirety.