OPINION OF THE COURT
 

 Kaye, J.
 

 In initiating and prosecuting a child protective proceeding, a not-for-profit corporation for the prevention of cruelty to children may represent itself — appearing by an individual who is not an attorney — and need not be represented by counsel of record. The Appellate Division order that dismissed petitioner corporation’s abuse and neglect petition for lack of prosecution, based upon its failure to have counsel of record, should therefore be reversed, without costs, and the petition reinstated.
 

 In October 1983, petitioner Westchester County Society for the Prevention of Cruelty to Children (the Society), by its nonattorney officer Kenneth Ellman, filed a petition in Family Court, under Family Court Act article 10, alleging abuse and neglect of Sharon B., then 14, and her brother Derek L., then six years old. The petition described several incidents of physical and mental abuse — principally repeated acts of violence by respondent father directed against Sharon B. The allegations were supported by written statements of the child and witnesses. By order of Family Court, the Department of Social Services was given temporary custody of Sharon B.
 

 At a fact-finding hearing on January 5, 1984, Family Court
 
 *397
 
 ruled from the Bench that Ellman could not proceed to examine witnesses without counsel of record, and it ordered that the Society appear with counsel at a rescheduled hearing. At the rescheduled hearing on January 31, 1984, however, Ellman again sought to represent the Society, and again the court ruled that the Society needed a lawyer. The third time Ellman appeared for a fact-finding hearing without counsel, on February 16, 1984, Family Court dismissed the petition for lack of prosecution and entered an order dismissing the petition on the ground "that the allegations of the petition have not been established”.
 

 On the Society’s appeal, the Appellate Division modified Family Court’s order to reflect that the petition had in fact been dismissed for lack of prosecution and, as modified, affirmed the order. The Appellate Division concluded that the relevant statutes require societies for the prevention of cruelty to children to have attorneys of record in child protective proceedings and that, in the presentation of a case, nonattorney officers of a society can do no more than assist counsel. We granted leave to appeal and now reverse.
 

 As threshold matters, we first reject respondents’ contention that the case presents only issues of fact relating specifically to Ellman’s behavior. Courts of course have authority to regulate proceedings before them and to punish contumacious conduct on the part of attorneys as well as nonattorneys
 
 (see, e.g.,
 
 Judiciary Law § 753;
 
 Matter of Katz v Murtagh,
 
 28 NY2d 234). While Ellman himself may or may not have deserved to be sanctioned, the action taken here was decidedly not an exercise of that regulatory authority; indeed, before it dismissed the petition on the merits, the court explicitly referred any separate question of Ellman’s contempt to another Judge. The Appellate Division order, similarly, was premised on an issue of law and resulted in a blanket preclusion of representation by all nonattorney officers . of child protective societies. Second, we also reject respondents’ contention that the proceeding must be dismissed for mootness by reason of the fact that Sharon B. is now more than 18 years old. In that Derek L., also a party in this action, is still a minor, the appeal is not moot; we therefore need not consider whether the appeal would otherwise fall within an exception to the mootness doctrine.
 

 On the merits, we begin our analysis with the proposition that parties as a rule may prosecute or defend their own civil
 
 *398
 
 actions, but corporations can appear only by attorney (CPLR 321 [a]). When the party to an action is a fictional person — a legal entity with limited liability — the general rule is that it cannot represent itself but must be represented by a licensed practitioner, whether outside counsel or staff counsel, answerable to the court and other parties for his or her own conduct in the matter
 
 (see, Austrian, Lance & Stewart v Hastings Props.,
 
 87 Misc 2d 25, 26).
 

 While societies for the prevention of cruelty to children are corporations, they are corporations with special attributes— including powers specifically bestowed on them by the Legislature with respect to representing themselves in court. These societies, which serve as child protective agencies (Family Ct Act § 1012 [i]), are vested with extraordinary powers to assist in carrying out the public policy of the State to protect children from abuse and neglect
 
 (Matter of American Socy. for Prevention of Cruelty to Children [Abrams],
 
 58 NY2d 1071, 1073;
 
 Matter of Society for Prevention of Cruelty to Children,
 
 137 Misc 2d 271, 276). They are "in effect, a prosecuting agent of the state with respect to its laws.”
 
 (People ex rel. State Bd. of Charities v New York Socy. for Prevention of Cruelty to Children,
 
 161 NY 233, 250 [Gray, J., concurring].) In aid of their function, the Legislature gave them the right to make arrests as peace officers
 
 (see,
 
 CPL 2.10 [former (7)]; 2.20, 140.25); the right to take children into protective custody, sometimes without court order (Social Services Law §417; Family Ct Act § 1024); the right to supervise parents and others after a finding of neglect or abuse (Family Ct Act § 1054); and the right to obtain copies of confidential child abuse reports (Social Services Law §§ 424, 425).
 

 As additional "special powers,” N-PCL 1403 (b) (1) particularly provides that these societies "may prefer a complaint before any court, tribunal or magistrate having jurisdiction, for the violation of any law relating to or affecting children, and may aid in presenting the law and facts to such court, tribunal or magistrate in any proceeding therein.” This appeal calls upon us to define the actual scope of the statutory authority vested in child protective societies to "prefer a complaint” and to "aid in presenting the law and facts to such court.”
 

 We conclude that, unlike the general prohibition imposed on other corporations by CPLR 321 (a), the Legislature by N-PCL 1403 specifically empowered these societies both to
 
 *399
 
 lodge complaints and to prosecute them by nonattorney representatives. The authority to "prefer” complaints includes not only instituting but also prosecuting, trying and proceeding with them, as that word is commonly defined
 
 (see,
 
 Black’s Law Dictionary 1060 [5th ed]). Permitting these societies to "aid in presenting the law and facts” empowers them to assist courts and others, such as District Attorneys, in prosecutions relating to or affecting children
 
 (see, People ex rel. State Bd. of Charities v New York Socy. for Prevention of Cruelty to Children,
 
 161 NY 233, 241-242,
 
 supra).
 
 In that clients, including corporations, generally can assist counsel of record in their own cases, a construction of the statute that limits the societies’ authority to filing complaints and assisting counsel of record gives no real force either to the stated purpose of the statute — to confer additional "special powers” on these societies — or to the entirety of its language. Apart from filing complaints, if these societies can appear in court only by attorneys of record, just like other corporations, then the Legislature in fact accomplished virtually nothing by this grant of special powers to them.
 

 Our construction is fortified when the statute is read — as it must be — in conjunction with sections 478 and 484 of the Judiciary Law, governing appearances as counsel. These sections make it unlawful for any person to practice or appear as an attorney for another, or to receive compensation for doing so, without having been duly licensed and admitted to practice. Both sections, however, specifically except "officers of societies for the prevention of cruelty, duly appointed, when exercising the special powers conferred upon such corporations under section fourteen hundred three of the not-for-profit corporation law”. (Judiciary Law §§478, 484;
 
 see also, Rapp v Rapp,
 
 101 Misc 2d 375, 377.) The plain effect of the exception in these statutes addressed to the right to represent others in court is to permit nonlicensed, nonattorney representatives of societies for the prevention of cruelty to children to function as counsel would in actions contemplated by N-PCL 1403 (b).
 

 In determining the intended effect of the pertinent statutes, we may also look beyond their words to the history surrounding their enactment
 
 (see, Ferres v City of New Rochelle,
 
 68 NY2d 446, 451). While the actual Bill Jackets for the predecessor statutes to N-PCL 1403 (b) arid Judiciary Law §§ 478
 
 *400
 
 and 484 apparently are no longer in existence, records going back to the turn of the century — after the statutes were adopted — establish that, as part of their traditional function, these societies actually investigated applications for the commitment of children and made reports to Magistrates, defended the custody of children committed to institutions, prepared briefs for the District Attorney, secured the attendance of witnesses, and assisted the District Attorney in procuring and preserving evidence
 
 (see, People ex rel. State Bd. of Charities v New York Socy. for Prevention of Cruelty to Children,
 
 161 NY 233, 241-242,
 
 supra; see also,
 
 Report of Investigation by Supreme Court, at 10 [Sept. 1899]). Section 293 of the Penal Code of 1899, moreover, provided for the payment of fines, penalties and forfeitures in certain cases to "the incorporated society for the prevention of cruelty to children in every case where the prosecution shall be instituted
 
 or conducted
 
 by such a society”. (Emphasis added.)
 

 Thus it is plain from N-PCL 1403 (b) and Judiciary Law §§ 478 and 484, read alone and in their historical setting, that —in aid of the important public purposes of societies for the prevention of cruelty to children — the Legislature specifically gave them the power generally denied other corporations to lodge and prosecute certain cases without the need to engage counsel of record.
 

 Finally, we note that for more than a century child protective societies have aided courts and others in the protection of children
 
 (see, e.g., People ex rel. State Bd. of Charities v New York Socy. for Prevention of Cruelty to Children,
 
 161 NY 233, 241-242,
 
 supra).
 
 While the law has unquestionably grown more complex, underscoring that it is beneficial (as the Appellate Division noted) to have counsel in litigated matters, the need for proceedings to protect children regrettably has also grown. What has remained constant, however, is the specific mandate of the Legislature that societies for the prevention of cruelty to children may prefer complaints without having to expend funds to retain counsel. Whether or not it is prudent in particular cases for such societies to proceed without counsel today, it is plainly legal for them to do so — subject always, of course, to the authority of courts to supervise and regulate the conduct of persons in proceedings before them.
 

 
 *401
 
 Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition reinstated.
 

 Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler and Judge Alexander taking no part.
 

 Order reversed, etc.