■ Leonard Freedman, Appellant, v Jolanta Jovanovic, Respondent.—Order, Family Court, New York County (Ruth Zuckerman, J.), entered on or about April 17, 1990, which, *inter alia,* committed petitioner to the New York City Department of Correction for five consecutive weekends for violating an order of protection, unanimously affirmed with costs and disbursements, and the matter remitted for further proceedings not inconsistent with this order.

An order of protection was issued by the Family Court on September 16, 1988, and thereafter updated, which required petitioner to stay away from respondent, his ex-wife, and the parties' minor children, and directed that he neither tele-

phone nor write to respondent or the children. On respondent's motion for an order finding petitioner to have willfully and deliberately violated the order of protection, a hearing was held at which respondent testified that petitioner had, *inter alia,* telephoned her and the children numerous times and otherwise harassed the family. Petitioner denied these allegations. The court found that petitioner had willfully and deliberately violated the order with respect to phone contact, finding respondent's testimony to be credible. The Family Court order committing petitioner was stayed by this court pending appeal.

Contrary to petitioner's contention, the legend on the order of protection, written in capital letters, gave him sufficient notice that he could be charged with contempt if he violated the order. Further notice was given of the contempt charge in respondent's applications, and neither petitioner nor counsel raised any objection to the lack of notice. The court further found petitioner guilty of contempt beyond a reasonable doubt based on the testimony of respondent. Nor was the short form order insufficient or in violation of Judiciary Law § 770, as the order of protection was enforceable under part 5 of article 4 of the Family Court Act, which sets forth procedures and remedies regarding contempt proceedings *(see,* Family Ct Act §§ 453, 454).

Nor was it error to allow the guardian ad litem to participate in the proceeding *(Rapp v Rapp,* 101 Misc 2d 375). Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.