■ GENESIS JIMENEZ, an Infant, by Her Mother and Natural Guardian, ANA DISLA, et al., Respondents, v BRENILLEE CORPORATION, Defendant, and JESSEO REALTY LLC, Proposed Intervenor-Appellant. [852 NYS2d 94]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered March 1, 2006, which denied the proposed intervenor's motion for leave to intervene or to set aside a 2003 judgment,

unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 15, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for attorney's fees without prejudice to resubmission with proper accounting, unanimously dismissed, with costs.

Proposed intervenor Jesseo Realty acquired real property subject to plaintiffs' judgment lien, and then moved to intervene and vacate the judgment for lack of jurisdiction (CPLR 5015 [a] [4]) on the ground that the corporate defendant had not appeared by counsel, in violation of CPLR 321 (a). For purposes of this appeal, we assume without deciding that Jesseo is an "interested person" as that term is used in CPLR 5015 (a) and thus that it had standing to move to intervene (*see generally Oppenheimer v Westcott*, 47 NY2d 595, 603 [1979]) The motion was factually and legally meritless. The record is devoid of any support for Jesseo's contention that the corporate defendant was unrepresented at the settlement. Moreover, even if the corporate defendant were not so represented, its failure to appear by counsel would not have deprived the court of jurisdiction over it, but would have constituted a default permitting entry of judgment against it (*see Mail Boxes Etc. USA v Higgins*, 281 AD2d 176 [2001], *appeal dismissed* 96 NY2d 895 [2001]). A corporate defendant's failure to comply with CPLR 321 provides no basis for vacating a judgment entered against that defendant, since the rule is not intended to penalize an adverse party for the corporation's improper appearance (*Lake George Park Commn. v Salvador*, 245 AD2d 605, 607 [1997], *lv denied* 91 NY2d 939 [1998]), but is rather to ensure that the corporation has a licensed representative who is "answerable to the court and other parties for his or her own conduct in the matter" (*Matter of Sharon B.*, 72 NY2d 394, 398 [1988]).

Absent any suggestion that the settlement entered into in open court and approved by the court following an infant's compromise hearing was a product of fraud, duress or mistake, or that any other substantive basis for vacating the judgment exists, the proposed intervenor's motion was properly denied (*see Sanchez v City of New York*, 40 AD3d 276 [2007]; *Clark v Bristol-Myers Squibb & Co.*, 306 AD2d 82 [2003]).

The proposed intervenor is not aggrieved by the order denying plaintiffs' motion for an award of costs and expenses (*see* CPLR 5511; *Insurance Co. of State of Pa. v Adessie Imports, Ltd.*, 24 AD3d 230 [2005]). To the extent the parties correctly understood that order to mean it would grant the motion upon plaintiffs' submission of a proper affidavit of legal services, it did not affect a substantial right (CPLR 5701 [a] [2] [v]), but

simply deferred disposition of the motion; therefore, it is not reviewable (*Marriott Intl. v Lonny's Hacking Corp.*, 262 AD2d 10 [1999]). Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.