OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
On April 20, 2012, landlord, a limited partnership, served tenant with a notice of petition and petition alleging the nonpayment of rent totaling $5,421.66, due from November 2011 through January 2012 for a rent-stabilized apartment. Ernest Jeremías, a partner of landlord, verified the petition as landlord’s agent. On April 25, 2012, tenant filed an answer, asserting a general denial and a warranty-of-habitability defense. After a nonjury trial, the Civil Court found that tenant was entitled to a complete setoff and, among other things, dismissed the petition. On appeal, landlord principally argues that the entire proceeding is a nullity because landlord appeared by Mr. Jeremias, who is not an attorney, citing CPLR 321 (a), which requires that corporations and voluntary associations be represented by counsel in court proceedings.
The requirement that corporations and voluntary associations be represented by counsel in court proceedings was added *10 to section 236 of the Civil Practice Act in 1939 (L 1939, ch 694, § 2 [“A party . . . may prosecute or defend a civil action in person or by attorney . . . (except that a) corporation or voluntary association must appear by an attorney-at-law”]) and was subsequently carried over to CPLR 321 (a) (4th Prelim Rep of Advisory Comm on Practice and Procedure, 1960 NY Legis Doc No. 20 at 190-191 [Jan. 2, I960]; see also Judiciary Law § 495 [1] [a]). Authority for the application of CPLR 321 (a) to entities other than corporations is sparse. The general rule in New York is that
“[w]hen the party to an action is a fictional person — a legal entity with limited liability ... it cannot represent itself but must be represented by a licensed practitioner, whether outside counsel or staff counsel, answerable to the court and other parties for his or her own conduct in the matter” (Matter of Sharon B., 72 NY2d 394, 398 [1988]).
The rule has been applied to the limited liability company, which is “a hybrid entity, combining the corporate limitation on personal liability with the operating and management flexibility of a partnership” (People v Highgate LTC Mgt., LLC, 69 AD3d 185, 187 [2009]; see Limited Liability Company Law §§ 102 [w]; 203 [d]), and, “like a corporation or voluntary association, . . . once formed is a legal entity distinct from its members . . . [which] may only be represented by an attorney and not by one of its members who is not an attorney” (Michael Reilly Design, Inc. v Houraney, 40 AD3d 592, 593-594 [2007]). In dicta, a Supreme Court, New York County case states that a registered limited liability partnership must be represented by counsel but “a partnership that is not a registered limited liability partnership may appear pro se in a civil action” (Net Leased v Air Chef, Inc., 2014 NY Slip Op 31592[U], *3 [Sup Ct, NY County 2014]; cf. Hsu v Shields, 2012 NY Slip Op 33761[U], *3 [Sup Ct, Queens County 2012] [“the requirement that a corporation must appear by an attorney does not extend to (a limited liability partnership)”], affd on other grounds 111 AD3d 674 [2013]).
The federal rule (28 USC § 1654), which, like CPLR 321 (a), does not explicitly refer to partnerships, has been construed to require that partnerships and other “juridical” entities be represented by counsel (see Rowland v California Men’s Colony, Unit II Men’s Advisory Council, 506 US 194, 201-202 [1993] [“It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only *11 through licensed counsel. ... As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus . . . the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney”]; Reiseck v Universal Communications of Miami, Inc., 2014 WL 1100140, *2, 2014 US Dist LEXIS 37153, *6 [SD NY, Mar. 19, 2014, No. 06-Civ-0777 (LGS)]).
As partnerships and limited partnerships preexisted the enactment of Civil Practice Act § 236, the omission therefrom could be deemed intentional (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208-209 [1976]), but there is authority predating both CPLR 321 (a) and Civil Practice Act § 236 which considers partnerships to be subsets of voluntary associations (see e.g. Mabbett v White, 12 NY 442, 455 [1855]; Bulkley v O’Donnell, 148 Misc 186, 187 [Sup Ct, Albany County 1933]; but see Palladino v CNY Centro, Inc., 23 NY3d 140, 146 [2014] [“a voluntary unincorporated association ‘is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members’ ”], quoting Martin v Curran, 303 NY 276, 280 [1951]; cf. Michael Reilly Design, Inc. v Houraney, 40 AD3d at 593-594) which could render reference to partnerships and limited partnerships redundant in these statutes. However, unlike a limited liability company, a partnership is generally not considered to be a fictional entity within the meaning of Matter of Sharon B. (see Ederer v Gursky, 9 NY3d 514, 521-522 [2007] [“Partnership Law § 26 . . . (has) always been understood to mean what (it) plainly say(s): general partners are jointly and severally liable to nonpartner creditors for all wrongful acts and breaches of trust committed by their partners in carrying out the partnership’s business, and jointly liable for all other debts to third parties. This proposition follows naturally from the very nature of a partnership, which is based on the law of principal and agent”]; Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d 211, 214 [1985] [partnerships are “combination(s) of individuals, who can suffer injuries and do have spouses, households and relatives”]; cf. Partnership Law §§ 10 [1] [“A partnership is an association of two or more persons . . . and includes ... a registered limited liability partnership”]; 90 [“A limited partnership is a partnership formed by two or more persons . . . having as members one or more general partners and one *12 or more limited partners. The limited partners as such shall not be bound by the obligations of the partnership”]).
There is an implicit assumption in several New York cases that partnerships require representation. For example, in Old Saratoga Sq. Partnership v Compton (19 AD3d 823, 825 [2005]), the Appellate Division, Third Department, concluded that although a partnership “is not an entity separate from the persons who compose it,” an attorney may represent a partnership of which he or she is a member even if not all of the partners are attorneys, implying that, if the member were not an attorney, outside counsel would be required. In Gilherg v Lennon (212 AD2d 662, 664 [1995]), the Appellate Division, Second Department, found that the plaintiff, a partnership of attorneys, was “not subject to the rule against corporations and voluntary associations appearing pro se in civil actions set forth in CPLR 321 (a),” not because the plaintiff partnership need not be represented by counsel, but, apparently, because it was a partnership of attorneys any one of whom could represent the partnership. As such, the representative would be “answerable to the court and other parties for his or her own conduct in the matter” (Matter of Sharon B., 72 NY2d at 398). Moreover, the requirement that partnerships and limited partnerships be represented by counsel is not only the rule in the federal system but in many sister states (Forrest Prop. Mgt., Inc. v McGinnis, 2010 WL 4572384, 2010 Tex App LEXIS 9029 [Ct App, Nov. 10, 2010, No. 10-10-00273-CV] [limited partnerships]; Naylor Senior Citizens Hous., LP v Side Constr. Co., Inc., 423 SW3d 238, 246 [Mo Sup Ct 2014] [limited partnerships]; E & A Assoc. v First Natl. Bank of Denver, 899 P2d 243, 246 [Colo Ct App 1994] [partnerships]; In re Lawrence County Tax Claim Bur., 998 A2d 675, 680 and n 9 [Pa Commw Ct 2010] [limited partnerships]; Expressway Assoc. II v Friendly Ice Cream Corp. of Connecticut, 34 Conn App 543, 549, 642 A2d 62, 66 [1994] [partnerships]; Lee v Mt. Ivy Press, L.P., 63 Mass App Ct 538, 827 NE2d 727 [2005]; Investors Group I, Ltd. v Knoxville’s Community Dev. Corp., 2001 WL 839837, 2001 Tenn App LEXIS 539 [Ct App, July 25, 2001, No. E1999-00395-COA-R3-CV] [limited partnership]).
In sum, given that partnerships and limited partnerships were largely subsumed within the definition of voluntary associations when Civil Practice Act § 236 was enacted, and because partnerships and limited partnerships are equivalent to the “artificial” or “juridical” entities recognized in federal *13 and many state courts as requiring representation, as a matter of policy and uniformity of practice, the rule should be the same in New York. This result is consistent with the general rule against lay practice in the courts (Judiciary Law §§ 478, 484) and the preference for representation by someone accountable to the court and other parties for his or her malpractice or misconduct (Matter of Sharon B., 72 NY2d at 398).
Where it is the answering party that must be represented by an attorney, any action taken by a non-attorney representative of the party, who lacks standing to appear (Boente v Peter C. Kurth Off. of Architecture & Planning, P.C., 113 AD3d 803, 804 [2014]; People v Park Ave. Plastic Surgery, P.C., 48 AD3d 367, 367 [2008]; Bilello v Genesis Seafood, Inc., 12 AD3d 474, 474 [2004]; Mail Boxes Etc. USA v Higgins, 281 AD2d 176, 176 [2001]; Barretta Realty Skyline v Principal Land Abstract, LLC, 38 Misc 3d 146[A], 2013 NY Slip Op 50327[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), is a nullity (Boente, 113 AD3d at 804; Evans v Conley, 124 AD2d 981, 982 [1986]), and an adverse determination against such a defending party is deemed entered on default (Boente, 113 AD3d at 804; see e.g. Megan Holding LLC v Conason, 37 Misc 3d 135[A], 2012 NY Slip Op 52117[U], *1 [App Term, 1st Dept 2012] [dismissing landlord’s appeal from a final judgment against it because, landlord, having appeared without counsel, the final judgment must be deemed to have been entered on default]). Further, it is well settled that a defaulting party’s attempt to vacate its default on the ground that it had violated CPLR 321 (a) will be rejected “since the rule is not intended to penalize an adverse party for the . . . improper appearance” (Jimenez v Brenillee Corp., 48 AD3d 351, 352 [2008]; see also Lake George Park Commn. v Salvador, 245 AD2d 605, 607 [1997]; 130 Cedar St. Corp. v Ct. Press, Inc., 267 App Div 194, 197 [1943]). The failure of a plaintiff required to be represented by counsel to appear by counsel normally requires that its action be dismissed at the outset (Moran v Hurst, 32 AD3d 909, 910 [2006]; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444, 444 [1999]). However, here, it is only after a trial of the merits resulting in an adverse determination that landlord seeks to have its action dismissed ab initio and without prejudice. We see no reason why the rule against penalizing an adverse party for the opposing party’s misconduct, essentially one of estoppel, should not likewise be applied to landlord, which improperly commenced the action without counsel. Consequently, land *14 lord’s request to reverse the final judgment and to dismiss the petition is rejected.
In view of the foregoing, we need not address landlord’s remaining contention.
Accordingly, the final judgment is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.