| |
|---|
| **Bloodhound Partners LLC v Wearsafe Labs Holdings LLC** |
| 2024 NY Slip Op 33522(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654718/2022 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

BLOODHOUND PARTNERS LLC, JOE GOLDSMITH,
WIOT LLC

                               Plaintiffs,

                         - v -

WEARSAFE LABS HOLDINGS LLC,

                              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654718/2022 |
| **MOTION DATE** | 07/01/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31

were read on this motion for                 DEFAULT JUDGMENT            .

      Plaintiffs Bloodhound Partners LLC ("Bloodhound"), Joe Goldsmith ("Goldsmith"), and WioT LLC (collectively, "Plaintiffs") move for an Order granting default judgment against the Defendant Wearsafe Labs Holdings LLC ("Wearsafe" or "Defendant") for its failure to appoint substitute counsel in the time frame ordered by the Court in its March 11, 2024 Decision and Order granting Defendants' prior counsel's motion to withdraw (NYSCEF 22).  No parties have opposed this motion.  For the following reasons, Plaintiffs' motion is granted in part.

      A plaintiff is entitled to seek default judgment in any action in which the defendant has failed to appear, plead or proceed to trial (CPLR § 3215(a)). Default judgment is appropriate when a corporate defendant has failed to appear by counsel (*Jimenez ex rel. Disla v Brenillee Corp.*, 48 AD3d 351, 352 [1st Dept 2008] ["[F]ailure [of corporate defendant] to appear by counsel would not have deprived the court of jurisdiction over it, but would have constituted a default permitting entry of judgment against it."]; *World on Columbus, Inc. v L.C.K. Rest.*

**654718/2022   BLOODHOUND PARTNERS LLC ET AL vs. WEARSAFE LABS HOLDINGS LLC**
**Motion No.  002**

**Page 1 of 4**

1 of 4

*Group, Inc.*, 260 AD2d 323, 324 [1st Dept 1999] ["The corporate defendant was properly held in default on the motion for failure to appear by attorney"]).

Here, the Court stayed this matter for thirty days to afford Defendant sufficient time to retain new counsel. Even after the stay expired in April 2024, Defendant had months to appear through counsel and stand ready to defend this case. Defendant has not done so. Plaintiff also submitted an affidavit of service demonstrating that Defendant was served with the Notice for Default Judgment (NYSCEF 31).

Plaintiff has submitted unrebutted evidence demonstrating compliance with the requirements of CPLR 3215 through Plaintiffs' Verified Complaint (NYSCEF 4), the Affirmation of Leonard F. Lesser (NYSCEF 26) and accompanying exhibits including Bloodhound Promissory Note and Default Notice (NYSCEF 27), Goldsmith Promissory Note and Default Notice (NYSCEF 28), WIoT Promissory Note and Default Notice (NYSCEF 29), which are sufficient to establish the facts that constitute Plaintiffs' claims for breach of the subject promissory notes, and the amounts due to Plaintiffs thereunder for principal and default interest: (i) Bloodhound's note (the "Bloodhound Note"), dated July 8, 2021, is for a loan amount of $750,000, plus 6% interest, with a Maturity Date of September 30, 2021; (ii) Goldsmith's note (the "Goldsmith Note"), dated August 16, 2019, is for a loan amount of $500,000, plus 6% interest, with a Maturity Date of December 31, 2019; and (iii) WIoT's note (the "WIoT Note"), dated January 1, 2019, is for a loan amount of $250,000, plus 6% interest, with a Maturity Date of December 31, 2019 (NYSCEF 4 ¶¶ 17, 18, 19). Moreover, in its Answer, Defendant admitted to the existence of these three Promissory Notes (NYSCEF 12 ¶¶ 17, 18, 19).

**654718/2022   BLOODHOUND PARTNERS LLC ET AL vs. WEARSAFE LABS HOLDINGS LLC**          **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

Plaintiffs have also submitted unrebutted evidence that Defendant breached each of the Notes by failing to either repay the entire amount of principal and accrued interest outstanding under each Note (the "Outstanding Amount") or convert the Outstanding Amount into equity by virtue of a Qualified Financing, Non-Qualified Financing or voluntary conversion by their respective maturity dates.

The Notes provide for "interest from the date of this Senior Unsecured Promissory Note on the unpaid principal balance at a rate equal to 6% per annum, computed on the basis of the actual number of days elapsed and a year of 360 days" (NYSCEF 27-29).  Accordingly, Plaintiff is entitled to 6 percent interest on each note from the date of the Note to maturity, and thereafter at the statutory rate of 9 percent (*NML Capital v Republic of Argentina*, 17 NY3d 250, 258 [2011] ["If the parties failed to include a provision in the contract addressing the interest rate that governs after principal is due or in the event of a breach, New York's statutory rate will be applied as the default rate"]).

However, Plaintiffs' request for an award of litigation fees and costs pursuant to section 10(h) of the Notes is denied. That section provides as follows: "*Fees and Expenses*. The Company [Wearsafe Labs] shall be responsible for its own and the Investor's [Bloodhound's] fees and expenses incurred in connection herewith" (NYSCEF 27-29 at §10(h)).  Unlike section 10(g) ("Waiver of Jury Trial"), section 10(h) contains no reference to "any claim or cause of action based upon or arising out of this Note," and instead seems to refer more generally to fees and costs in connection with the transaction itself, not litigation thereafter. In the absence of clear language suggesting fee-shifting in litigation, the Court declines to render such an award, particularly on a motion for default judgment.

**654718/2022   BLOODHOUND PARTNERS LLC ET AL vs. WEARSAFE LABS HOLDINGS LLC**
**Motion No.  002**

**Page 3 of 4**

3 of 4

Defendant may seek a vacatur of the instant default judgment if it can satisfy the requirements of CPLR § 5015, CPLR § 317, or any other relevant law.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Default Judgment against Defendant is **GRANTED IN PART**, and the Clerk of the Court is directed to enter a judgment in favor of Plaintiffs Bloodhound Partners LLC, Joe Goldsmith, and WioT LLC and against Defendant, Wearsafe Labs Holdings LLC, in the amount of (i) $750,000, plus 6% interest running from July 8, 2021 to September 30, 2021, and thereafter at the statutory rate until entry of judgment; (ii) $500,000, plus 6% interest running from August 16, 2019 to December 31, 2019, and thereafter at the statutory rate until entry of judgment; and (iii) $250,000, plus 6% interest running from January 1, 2019 to December 31, 2019, and thereafter at the statutory rate until entry of judgment; as well as taxable costs and disbursements (not including attorney's fees), as calculated by the County Clerk; it is further

**ORDERED** that Plaintiffs' counsel shall serve a copy of this order with notice of entry on Defendant within five (5) days from the date of this Order.

This constitutes the Decision and Order of the Court.

20240926133050JMCOHEN059A119A1F6A4BRE9A4EF2ADB6EEA549

_____
**9/26/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654718/2022   BLOODHOUND PARTNERS LLC ET AL vs. WEARSAFE LABS HOLDINGS LLC**          Page 4 of 4
**Motion No.  002**

4 of 4

[* 4]