White v I.V. Doc Inc. (2024 NY Slip Op 51750(U))

[*1]

White v I.V. Doc Inc.

2024 NY Slip Op 51750(U)

Decided on December 23, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2024
Supreme Court, Kings County

Kristen A. Francois White, Plaintiff,

against
The I.V. Doc Inc., THE I.V. MEDICAL DOCTOR, P.C., ADAM NADELSON, ROCHELLE NADELSON, and BROOKE KRUEGER, Defendants.

Index No. 534909/2022

Attorney for Plaintiff 
Clifford Tucker, Esq.
31-19 Newtown Avenue, Seventh Floor 
Astoria, New York 11102
Tel: 718-269-2243
CTucker&commat;SaccoFillas.com
Attorney for all defendants
Hamra Law Group, P.C. 
KEVIN S. JOHNSON, ESQ.
Attorneys for Defendants
1 Linden Place, Suite 207
Great Neck, NY 11021
(646) 590 - 0571 
kjohnson&commat;hamralawgroup.com

Francois A. Rivera, J.

By order to show cause, filed on October 15, 2024, The IV Doc Inc, The IV Medical Doctor (hereinafter the corporate defendants), Adam Nadelson, Rochelle Nadelson, and Brooke Krueger (hereinafter the individual defendants) (collectively the defendants or movants) jointly sought an order: (1) granting leave to substitute counsel for all named defendants, The I.V. Doc Inc., The I.V. Medical Doctor, P.C., Adam [*2]Nadelson, Rochelle Nadelson, and Brooke Krueger, in place of Kevin S. Johnson, Esq., pursuant to CPLR 321 (b) (2), due to the attorney's failure to communicate, use of undeliverable email addresses, and failure to inform the client in a timely manner of the attorney's closure of his practice and (2) granting a brief stay or extension of the proceeding, pursuant to CPLR 2201, to allow defendants time to retain new counsel and to review the case status and history, as defendants have been unable to ascertain their current standing in the case due to the lack of communication with the present attorney.
BACKGROUND
On November 30, 2022, plaintiff commenced the instant action for damages by filing a summons and complaint with the Kings County Clerk's office (KCCO). 
On January 10, 2023, the parties filed with the KCCO a stipulation signed by their respective counsel extending the defendants' time to answer the complaint to February 6, 2023. Kevin S. Johnson, Esq. of Hamra Law group P.C. signed the stipulation as counsel to the defendants.
On February 28, 2023, defendants, The I.V. Doc Inc., The I.V. Medical Doctor, P.C., Adam Nadelson, Rochelle Nadelson, and Brooke Krueger interposed and filed a joint verified answer with the KCCO. The answer was submitted by their attorney of record, Kevin S. Johnson of Hamra Law group P.C. 
The complaint alleges one hundred and five allegations of fact in support of an action to recover unpaid overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Labor Law § 190, et seq. and the New York Wage Theft Prevention Act (hereinafter WTPA).
MOTION PAPERS
The defendants' motion papers consist of an order to show cause, an affirmation in support, and five annexed exhibits labeled A through F. The affirmation in support is from Adam J. Ratner, Esq. (hereinafter Ratner), the General Counsel for The I.V. Doc, Inc. Ratner averred that The I.V. Doc, Inc., is responsible for the representation of all the named defendants in this case, as they are, or were, employees of the company. He also averred the following salient facts, among others. He was aware that Kevin S. Johnson faced personal health issues which temporarily disrupted communication. In May 2024, following a virtual meeting, Kevin S. Johnson assured him and the defendants that he would continue to represent them. For several months following that meeting, all attempts to contact Kevin S. Johnson through his previously working phone numbers and email addresses had failed. His contact information appeared to be no longer functional and he did not provide any updated contact details to either Ratner or the defendants.
Exhibit A, B and F are e-mails from Kevin S. Johnson of Hamra Law group P.C. The emails are regarding his absence and medical leave due to health issues, his intent to streamline his law practice, and his intent to refer his law cases to other counsel. Exhibit C is a document purporting to show that the law office of Kevin S. Johnson is vacant. [*3]Exhibit D is described as the motion papers of an earlier request for the same relief sought in the instant motion which was not properly docketed. 
LAW AND APPLICATION
The defendants seek leave of the Court to substitute their counsel and for a stay of the action to give them a reasonable time to do so. The defendants properly complied with the Court's direction on service of the instant motion papers. Although duly served, neither the plaintiff nor Kevin S. Johnson submitted opposition to the motion.
A client has the absolute right to discharge an attorney at any time, with or without cause (Byrne v Leblond, 25 AD3d 640 [2d Dept 2006], citing Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658 [1993]). Therefore, the defendants do not need leave of the Court to substitute their counsel. However, there are certain considerations which apply to the corporate defendants and not to the individual defendants that must be considered. 
CPLR 321 (a) provides that "[a] party ... may prosecute or defend a civil action in person or by attorney, except that a corporation ... shall appear by attorney...." The reason is that corporations cannot act "in person," because corporations are fictional persons with limited liability, which are created by law (see In re Sharon B., 72 NY2d 394, 398, [1988]), and unlike natural persons, corporations can only act through agents (see Oliner v. Mid-Town Promoters, Inc., 2 NY2d 63, 64 [1956]). To act in court proceedings, corporations are required under CPLR 321 (a) to appear by licensed attorneys who the court and other parties can hold accountable (In re Sharon B., 72 NY2d at 398). 
By discharging their attorney of record, the corporate defendants must obtain new counsel to participate in the litigation of the instant action. The individual defendants may, if they chose, defend themselves pro se, that is, without counsel. Inasmuch as the loss of the defendants' counsel was not by choice and completely outside of their control, all the defendants must be given a reasonable time to obtain new counsel. Moreover, there should be a stay of action while they do so. 
CONCLUSION
The branch of the motion by defendants The I.V. Doc Inc., The I.V. Medical Doctor, P.C., Adam Nadelson, Rochelle Nadelson, and Brooke Krueger for Court leave to substitute their counsel, Kevin S. Johnson of the Hamra Law Group PC is denied as unnecessary because the defendants have an absolute right to discharge their counsel at will.
The branch of the motion by defendants The I.V. Doc Inc., The I.V. Medical Doctor, P.C., Adam Nadelson, Rochelle Nadelson, and Brooke Krueger for a stay of the proceedings to allow the defendants time to retain new counsel is granted. The action is stayed for 60 days from notice of entry of the instant decision and order for the defendants to obtain new counsel.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.