**Horizon Paper Co., Inc. v Stellar Print., Inc.**

2025 NY Slip Op 34401(U)

November 19, 2025

Supreme Court, Kings County

Docket Number: Index No. 512050/2024

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 19th day of November 2025.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

HORIZON PAPER CO., INC.,

                Plaintiff,

        -against-

STELLAR PRINTING, INC., STELLAR PRINTING NY, INC., STELLAR PRINTING USA, INC., and STELLAR PRINTING AI, INC.,

                Defendants.

-------------------------------------------------------------------x

Index No. 512050/2024

Cal. No. 4     MS 3

**Decision and Order**

The following e-filed papers read herein:       NYSCEF Doc Nos.

MS 3                                      49-63

Plaintiff Horizon Paper Co., Inc. ("Horizon") has interposed a motion (motion sequence 3) pursuant to CPLR 3126 for an order granting Horizon leave to enter a default judgment against defendants Stellar Printing, Inc., Stellar Printing NY, Inc., Stellar Printing USA, Inc. and Stellar Printing AI, Inc. (collectively, "Defendants"), striking Defendants' answer and affirmative defenses, or, in the alternative, precluding Defendants from presenting evidence and testimony in support of their answer and affirmative defenses (*see* NYSCEF Doc No. 49, notice of motion, ¶¶ [i], [ii], [iii]).

Horizon sells paper products to a variety of industries throughout the United States (*see* NYSCEF Doc No. 51, complaint, ¶ 8). Defendants operate a commercial printing company that

1

[* 1]

requires specific sizes of papers to meet the demands of its customers (*id.* ¶ 9). On April 29, 2021, Horizon and Defendants entered into a Buyer's Program Agreement with respect to Horizon's so-called "Hibrites" line of products, pursuant to which Horizon agreed to stock Defendants' warehouse with paper goods in quantities, quality and sizes ordered by Defendants (*id.* ¶ 10).

Horizon instituted the present action to recover payments for paper goods it allegedly sold and delivered to Defendants during the period ranging from June 5, 2023 to November 15, 2023 (*id.* ¶ 1). Horizon alleges that during the subject time frame, Defendants ordered, accepted and retained the delivery of paper supplied by Horizon pursuant to mutually agreed-upon pricing terms, without objection (*id.*). Horizon asserts that it regularly sent invoices to Defendants for the orders that were delivered and that, to date, notwithstanding Defendants' promises of payment in response to numerous demands emanating from Horizon, the invoices remain unpaid (*id.*). Horizon claims that it is entitled to the sum of no less than $666,272.74 from Defendants, together with incidental damages, costs, fees and interest, for the paper goods Defendants accepted and retained without payment (*id.*).

A review of the record reveals that on April 10, 2025, the court granted as follows Defendants' then-counsel's motion for leave to withdraw as counsel:

> The motion is granted. Daniel Friedman, Esq. is hereby relieved as counsel for the "Stellar Defendants." The case is hereby stayed for 30 days from the date of entry of this order for Defendants to retain new counsel.

(NYSCEF Doc No. 43, Decision and Order, p. 1).

Although the court granted Defendants a 30-day stay to retain new counsel in the April 10, 2025 Decision and Order, a review of the case file on NYSCEF reveals that, to date, Defendants have not retained new counsel more than seven months after the court issued the April 10, 2025

2

Decision and Order. Defendants' failure to retain new counsel is in violation of their statutory duty to retain counsel in light of their status as corporate entities. As mandated pursuant to CPLR 321 (a): "A party . . . may prosecute or defend a civil action in person or by attorney, except that a corporation or voluntary association shall appear by attorney." The Court of Appeals has articulated as follows the rationale underlying the prohibition on corporate entities appearing as pro se litigants:

> On the merits, we begin our analysis with the proposition that parties as a rule may prosecute or defend their own civil actions, but corporations can appear only by attorney (CPLR 321[a] ). When the party to an action is a fictional person—a legal entity with limited liability—the general rule is that it cannot represent itself but must be represented by a licensed practitioner, whether outside counsel or staff counsel, answerable to the court and other parties for his or her own conduct in the matter.

(*Matter of Sharon B.*, 72 NY2d 394, 397-398 [1988]; *accord Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592, 593-594 [2d Dept 2007] [Second Department held that a corporation may only be represented by an attorney and not by one of its members who is not an attorney admitted to practice in the state of New York]).

Defendants' violation of their duty to retain counsel in light of their corporate status has impeded the court's efforts to see to it that the instant action proceed apace, resulting in a substantial delay in this proceeding. For illustration purposes, a review of the record establishes that Defendants failed to appear at a June 24, 2025 status conference, as reflected in the Conference Order issued by the court in the wake of the conference:

> After a conference held today, it is hereby agreed and ordered as follows:
>
> Defendants failed to appear and failed to obtain new counsel. Plaintiff indicated that it intends to move to strike the answer and for a default judgment.

3

[* 3]

(NYSCEF Doc No. 48, Conference Order, p. 1).

Notwithstanding Defendants' violation of their court-ordered duty to retain new counsel within 30 days of the date of entry of the court's April 10, 2025 Decision and Order granting Defendants' then-counsel's motion for leave to withdraw, the court exercised flexibility by scheduling a conference on June 24, 2025 to give Defendants another opportunity to retain new counsel (*see* NYSCEF Doc No. 48, Conference Order, p. 1). Despite the court's efforts to encourage Defendants to retain new counsel by scheduling the June 24, 2025 conference, Defendants (i) failed to retain new counsel in violation of their duties under the April 10, 2025 Decision and Order (*id.*) and (ii) no one affiliated with Defendants appeared during the June 24, 2025 conference to inform the court that Defendants were endeavoring to retain new counsel (*id.*)

Further undermining the court's ability to see to it that this matter proceed in a timely fashion, Defendants' violation of their duty to retain counsel in light of their corporate status has predictably led Defendants to violate their discovery duties, such as their court-ordered duty set forth in the December 19, 2024 Conference Order to "produce the outstanding discovery responses by January 10, [2025] or a Jackson affidavit" (*see* NYSCEF Doc No. 18, Conference Order, p. 1). Likewise, Defendants' failure to adhere with their duty to retain counsel has led Defendants to fail to schedule court-ordered examinations before trial, in violation of the court's December 19, 2024 Conference Order, which reads, in pertinent part, as follows:

> After a conference held today, it is hereby agreed and ordered as follows:
>
> \* \* \*
>
> Depositions shall be held in-person as follows:
> Stellar 1/27, 10 AM
> Horizon 2/13, 10 AM

4

Any depositions not held shall be deemed waived.

(NYSCEF Doc No. 18, Conference Order, ¶ 2).

In short, Defendants' violation of their duty to retain counsel for over seven months since the court granted Defendants' then-counsel's motion for leave to withdraw by order dated April 10, 2025 (*see* NYSCEF Doc No. 43) has resulted in this action remaining in stasis for over seven months, notwithstanding the court's efforts to encourage Defendants to retain new counsel.

Consistent with their laissez faire approach to this matter, Defendants opted not to submit an opposition to Horizon's instant motion as reflected in the NYSCEF database.

In light of Defendants' failure to retain new counsel to represent them, despite having had ample time and opportunity to do so since the April 10, 2025 withdrawal of their outgoing counsel, a default judgment is appropriate, lest corporate defendants be encouraged unduly to prolong cases by failing to retain counsel (*see Seidler v Knopf*, 153 AD3d 874, 875 [2d Dept 2017] [default judgment issued against corporate defendants where the corporate defendants failed to retain counsel in violation of CPLR 321 (a)]).

It is indeed well settled that a corporate entity is subject to a default judgment where, as here, such entity's counsel has withdrawn, and the corporate entity subsequently fails to appear through new incoming counsel (*see Jimenez v Brenillee Corp.*, 48 AD3d 351, 352 [1st Dept 2008] [court held that a corporate defendant which is not represented by counsel constitutes a default permitting entry of judgment against it since CPLR 321 is designed to "ensure that the corporation has a licensed representative who is answerable to the court and other parties for his or her own conduct in the matter"] [internal quotation marks omitted]).

Further weighing in favor of granting a default judgment, despite having been afforded ample opportunity by the court to retain counsel since the April 10, 2025 withdrawal of their

5

counsel, Defendants have obdurately refused to retain counsel in contravention of CPLR 321 (a), leaving the court with no alternative but to hold that a default judgment is appropriate.

Based on the foregoing, Horizon's motion for an order granting Horizon leave to enter a default judgment against Defendants is hereby granted (motion sequence 3). Any relief not expressly addressed herein has been considered and is denied.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

6