Layode v Hamza-Ogagbor

2026 NY Slip Op 50790(U)

May 15, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Appearances—Appearance by Corporation--Subsequent Retention of Counsel

Reuben A. Layode, Appellant,

v

Ms. Francisca Hamza-Ogagbor and Grandbelle International, Inc., Respondents.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 15, 2026

2024-1383 RI C

Present: : Wavny Toussaint, P.J., Marina Cora Mundy, Joanne D. Quiñones, JJ

Reuben A. Layode, appellant pro se.
Nnebe & Associates, P.C. (O. Valentine Nnebe of counsel), for respondents.

Appeal from a decision of the Civil Court of the City of New York, Richmond County (Matthew P. Blum, J.), entered November 21, 2024, deemed from a judgment of that court entered February 13, 2025 (see CPLR 5512 [a]). The judgment, after a nonjury trial, dismissed the complaint and awarded defendants the principal sum of $2,499.69 on the counterclaim.

[*1]

ORDERED that the judgment is modified by vacating the award in favor of defendants on the counterclaim and by providing that the counterclaim is dismissed; as so modified, the judgment is affirmed, without costs.

In May 2024, plaintiff commenced this action by summons with endorsed complaint to recover the principal sum of $1,800, representing the cost of a television set owned by plaintiff that was allegedly shipped by defendants to another country without plaintiff's consent. Defendant Francisca Hamza-Ogagbor filed an answer on behalf of both herself and the corporate defendant in June 2024, which answer asserted a counterclaim for breach of contract solely on behalf of the corporate defendant. Defendants did not retain counsel until September 10, 2024.

At a nonjury trial on November 19, 2024, plaintiff testified that he brought a television set to defendants' warehouse to be shipped to Nigeria by air and that defendants never informed him of the price before shipping the item, which price exceeded the $1,800 he had paid for the television set. He indicated that he first learned of the price for the shipment after receiving an invoice via email a week after he had left the television set at the warehouse, and that he refused to pay that price. He presented various exhibits at trial, including a warehouse receipt, which stated the price of the shipment, and he admitted that he signed this receipt the day he left the television set at the warehouse. However, he alleged that the price was not listed on the receipt when he signed it. The individual defendant, who is the CEO of the corporate defendant, and an employee of the corporate defendant both testified on behalf of defendants, and disputed plaintiff's allegation that he was not informed of the price before the shipment occurred. [*2]Following the trial, in a decision entered November 21, 2024, the Civil Court (Matthew P. Blum, J.) dismissed plaintiff's action and found in favor of defendants on the counterclaim. Plaintiff's appeal from the decision is deemed to be from the judgment entered February 13, 2025 (see CPLR 5512 [a]) in the principal sum of $2,499.69.

Upon a review of the record, we find that the counterclaim filed by the individual defendant on behalf of the corporate defendant was a nullity, because a corporation must be represented by an attorney, except as provided for in CPLR 321 (a) (see DeMartino v Golden, 150 AD3d 1200, 1201 [2017]; Moran v Hurst, 32 AD3d 909, 910 [2006]; Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444, 444 [1999]; Evans v Conley, 124 AD2d 981, 982 [1986]; Ernest & Maryanna Jeremias Family Partnership, L.P. v Sadykov, 48 Misc 3d 8, 13 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and defendants' subsequent retention of counsel after the answer and counterclaim had been filed did not cure this defect (see e.g. DeMartino v Golden, 150 AD3d at 1200-1201; Barretta Realty Skyline v Principal Land Abstract, LLC, 38 Misc 3d 146[A], 2013 NY Slip Op 50327[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Although plaintiff did not argue that the counterclaim was a nullity in the Civil Court, we may consider this issue on appeal, as it is a "question[] of law which appear[s] on the face of the record and which could not have been avoided if raised at the proper juncture" (Coscia v Jamal, 156 AD3d 861, 864 [2017] [internal quotation marks omitted]; Galletta v Siu-Mei Yip, 271 AD2d 486, 486 [2000]; Cogen Props. v Griffin, 42 AD2d 915, 915 [1973]). Consequently, the counterclaim purportedly brought on behalf of the corporate defendant must be dismissed and, as the counterclaim was not brought on behalf of the individual defendant, the award in her favor likewise cannot stand.

With respect to plaintiff's cause of action, the Civil Court's credibility findings are entitled to substantial deference on appeal (see e.g. Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Morrone v Costagliola, 151 AD3d 1055, 1055-1056 [2017]). The evidence presented at trial established that the shipping costs exceeded the value of plaintiff's television set. Thus, there is no reason to disturb so much of the judgment as dismissed plaintiff's complaint.

Accordingly, the judgment is modified by vacating the award in favor of defendants on the counterclaim and by providing that the counterclaim is dismissed.

TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 15, 2026